MANN, Judge.
Wilcox appeals the summary denial of his “Petition for a Writ of Error Coram Nobis or Appropriate Relief,” which the trial judge properly considered under CrPR 3.850, 33 F.S.A. The petition plainly states that his misdemeanor conviction in 1961, while unrepresented by counsel, was being used to enhance his federal sentence which he is now serving. He relies on U. S. v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, which holds that prior invalid, convictions cannot be used for enhancement. The trial judge in this case was in error in denying the petition solely on the ground that the petitioner’s sentence had expired. See Wilcox v. State, Fla.App. 1st 1972, 267 So.2d *421 IS, and cases there cited. We adopt the reasoning, of Judge Rawls’ opinion in that case. In short, the question is not moot.
We would point out that the present case involves an allegedly invalid misdemeanor conviction, and involves necessarily the scope of retroactive effect to be given Argersinger v. Hamlin, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed. 530. Tucker involved prior felonies. The trial court is the appropriate place for consideration of the substantial question raised by this petition, and Wilcox should be afforded counsel for its proper presentation. The question is important. Undoubtedly it has been the subject of other cases by now reported, and we do not prejudge it.
The order appealed from is vacated and the cause is remanded for consideration in the light of cases cited in this opinion.
LILES, Acting C. J., and McNULTY, J., concur.