280 So.2d 705 (1973)
Napoleon HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 72-734.
District Court of Appeal of Florida, Fourth District.
July 31, 1973.
*706 Napoleon Howard, in pro. per.
Robert L. Shevin, Atty. Gen., Tallahassee, and William W. Herring, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Howard appeals the denial of his petition for post-conviction relief. In his petition Howard alleged that his 1958 conviction and ten-year sentence for armed robbery was invalid by reason of having been rendered without the assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution; and, furthermore, that such prior alleged invalid conviction was used to enhance a later sentence of twelve years imposed upon appellant for a subsequent conviction of another crime of robbery. We are of the opinion that Howard is entitled to an evidentiary hearing based upon the rationale of State v. Reynolds, Fla. 1970, 238 So.2d 598; Lawson v. State, Fla. 1970, 231 So.2d 205; Wilcox v. State, Fla.App. 1972, 267 So.2d 15; Wilcox v. State, Fla.App. 1972, 269 So.2d 420; and Lenwood v. State, Fla.App. 1973, Second District Court of Appeal, 278 So.2d 323. At such evidentiary hearing it would be incumbent upon Howard to prove by the preponderance of the evidence that (1) at the time of his 1958 robbery conviction he was indigent and unable to employ an attorney and (2) he did not knowingly waive his right to counsel. Based upon the aforementioned decisions, and in particular United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, the trial judge should consider the extent to which the imposition of the subsequent sentence was based upon the prior conviction if it is determined that the prior conviction was invalid. See Lenwood v. State, supra. The order appealed from is vacated and the cause is remanded with instructions that defendant be granted an evidentiary hearing consistent herewith.
CROSS, OWEN and MAGER, JJ., concur.