323 So.2d 680 (1975)
Jessie WOLFE, Appellant,
v.
STATE of Florida, Appellee.
No. 75-455.
District Court of Appeal of Florida, Second District.
December 19, 1975.
*681 James A. Gardner, Public Defender, Sarasota, and Dennis J. Plews, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The ramifications of declaring Gideon[1] retroactive continue to multiply.[2]
Appellant and his wife were charged with lewd and lascivious or indecent assault upon six children under fourteen years of age. Pursuant to a bargain, both entered pleas of guilty to the first three counts of the information and the state dismissed the other three counts. The court determined that appellant's pleas were voluntarily made, that he was aware that he could receive fifteen years on each count and that no one had promised him that he would not receive the maximum sentence. Finding that the plea was freely entered with an understanding of its consequences, the court asked if there was anything to be said in mitigation. Appellant's counsel pointed out that he was sixty-one years old and that although the court was aware of a similar conviction many years ago, the appellant had not been in trouble since that time. The state requested the maximum sentence, indicating that appellant's wife, who had a clean record, received three concurrent fifteen year sentences, whereas appellant had a similar prior conviction. The court adjudged appellant guilty and sentenced him to three consecutive fifteen year terms.
Appellant has now filed a verified motion to vacate his sentence under RCrP 3.850. Appellant alleges that his prior conviction was invalid under Gideon because he did not have counsel to represent him. Thus, he says that the court improperly considered the prior invalid conviction when he meted out the sentences. Appellant takes this appeal from the denial of his motion to vacate.
This appeal is controlled by the case of United States v. Tucker, 1972, 404 U.S. 443, *682 92 S.Ct. 589, 30 L.Ed.2d 592. In the course of sentencing Tucker to twenty-five years for robbery, the trial judge had been specifically directed to Tucker's three pre-Gideon felony convictions. Several years later, two of these convictions were set aside because Tucker had been unrepresented by counsel and had not been advised of his right to legal assistance and had not waived this right. The Supreme Court of the United States held that Tucker's sentence might have been different if the sentencing judge had known that at least two of his prior convictions had been unconstitutionally obtained. The case was remanded to the trial court for resentencing "without consideration of any prior convictions which are invalid under Gideon v. Wainwright."
The only meaningful distinction between Tucker and the instant case is that in Tucker the convictions had already been judicially set aside, whereas appellant has only made allegations which, if proven to be true, would result in his prior conviction being vacated. This case is similar in posture to Howard v. State, Fla.App.4th, 1973, 280 So.2d 705. There, the court was faced with a post-conviction motion stating that a conviction which was allegedly invalid because of having been rendered without the assistance of counsel was used to enhance a later sentence imposed for a subsequent conviction of a similar crime. The court remanded the case for an evidentiary hearing to determine whether the earlier conviction was invalid, and if so, the extent to which the imposition of the subsequent sentence was based upon the prior invalid conviction.
In the instant case, the record clearly reflects that the trial judge could have been influenced by appellant's prior conviction of an offense similar to those for which he was being sentenced. Appellant's wife had been charged with the same offenses and had made the same bargain. Appellant's wife, with no prior convictions, was given concurrent sentences, whereas appellant received consecutive sentences. Under the circumstances, this case should be remanded for a determination of whether appellant's prior conviction was invalid. If so, appellant should be resentenced without any consideration of this conviction.
This decision should not be construed as requiring resentencing in every case where reference is made in a pre-sentence report to a conviction which is later alleged to have been invalid on Gideon grounds. In this case, as in Tucker, the fact of the prior conviction was specifically called to the court's attention in the sentencing colloquy, and the circumstances of both cases were such that it was reasonable to conclude that the sentencing judge may have been influenced by these convictions.
This case is remanded for proceedings in accord with this opinion.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
[2] See Weir v. State, Fla.App.2d, 1975, 319 So.2d 80.