336 So.2d 1244 (1976)
Raymond HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-267.
District Court of Appeal of Florida, Fourth District.
September 17, 1976.
*1245 Richard A. Belz, Fla. Legal Services, Inc., Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, by Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
SMITH, LARRY G., Associate Judge,
Appellant appeals from an order denying his motion for post conviction relief, filed pursuant to Rule 3.850, F.R.Cr.P.
In his motion defendant claims that his 1973 sentence to a term of 25 years for robbery is open to collateral attack because the length of the sentence was based, in part, upon the sentencing judge's assumption that he had twice previously been convicted of robbery; whereas, in fact, he had only one such prior robbery conviction, and that conviction was invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
At his sentencing, defendant inquired of the trial judge why he had received a 25 year sentence, while his co-defendant had received only 5 years for the same offense. To this the judge responded, "Because he hadn't committed two other robberies before this." Defendant attempted by an earlier pro se motion to bring to the court's attention the fact that he had only one such conviction, and that it was invalid as a pre-Gideon uncounseled conviction which, therefore, could not be considered by the court as a basis for a heavier sentence. The order denying that motion states in part:
"... defendant was convicted of robbery and does not contest the prior conviction of that offense. This, standing alone, warrants a more severe sentence... ."
The present motion, filed by counsel for defendant, is supported by defendant's affidavit in which he categorically states that at the time of his 1959 conviction for robbery in Atlanta, Georgia, he (1) was not represented by counsel; (2) did not knowingly waive his right to counsel; and (3) was indigent and unable to employ counsel. Such an uncounseled conviction is constitutionally invalid under Gideon v. Wainwright, supra.
In United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court addressed a problem where the trial judge, in sentencing Tucker for his 1953 robbery conviction, gave explicit attention to his three previous felony convictions, two of which were later found to be constitutionally invalid under Gideon. Mr. Justice Stewart, writing for the Court, acknowledged the position of the government *1246 which relies upon the wide discretion of the sentencing judge, the broad scope of the inquiry and largely unlimited kind of information he may consider, and the facts that "a sentence imposed by a Federal Judge, if within statutory limits, is not subject to review." "But," Mr. Justice Stewart said, (92 S.Ct. 589, at 591):
"... these general propositions do not decide the case before us. For we deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude... ."
The opinion further cites Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, in which the court said, "this prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue," and Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, in which the court said that "to permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense ... is to erode the principle of that case." (Emphasis supplied.)
The remedy mandated by the Tucker decision, which we find applicable in the instant case, is a re-evaluation of the defendant's sentence by the sentencing judge, without consideration of any prior convictions which are invalid under the Gideon case. This same procedure was followed in Howard v. State, 280 So.2d 705 (4DCA Fla. 1973) and Wolfe v. State, 323 So.2d 680 (2DCA Fla. 1975).
The order appealed from recites that the sentences imposed were "within the limits set by statute," that the court has "reviewed the file in this case," and that "an evidentiary hearing is not necessary." This court held in the Howard case, and now holds, that an evidentiary hearing is necessary, and that at such hearing it would be incumbent upon the defendant to prove by a preponderance of the evidence that (1) at the time of his prior conviction he was indigent and unable to employ an attorney and (2) he did not knowingly waive his right to counsel.
Upon remand, the trial judge should determine whether the prior conviction was invalid, and, if so, the extent to which the sentence was based upon the invalid conviction.
Appellant's counsel suggests in his brief and in oral argument that this court should direct the trial judge to re-sentence the defendant to a "more appropriate term," which he argues would be 5 years, since that is the sentence imposed on his co-defendant. The rule under which defendant proceeds (Rule 3.850, F.R.Cr.P.) provides that, if the court finds that the sentence was "not authorized by law or is otherwise open to collateral attack," the judge shall "correct the sentence as may appear appropriate." We find the language of the rule to be adequate. It is not the prerogative of this court to decide what sentence would be appropriate. Our decision is limited to the requirement that effect be given to the constitutional invalidity of defendant's pre-Gideon conviction, if successfully established by defendant, in keeping with the intent and purpose of the controlling principles of law herein referred to.
The order appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED AND REMANDED, with directions.
MAGER, C.J., and CROSS, J., concur.