338 So.2d 263 (1976)
Roosevelt GLENN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1199.
District Court of Appeal of Florida, Second District.
October 15, 1976.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This case comes before the court to review an order denying a motion to vacate and set aside the judgment and sentence pursuant to Fla.R.Crim.P. 3.850.
Appellant alleges that other convictions, obtained of him prior to the right to counsel rule set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), were considered by the trial court in the case sub judice to enhance his sentence. Appellant further alleges that these prior convictions were uncounseled ones, that he was not financially able to obtain counsel, and that he did not waive his right to counsel. If all of these allegations are true, appellant would be entitled to relief. Wolfe v. State, 323 So.2d 680 (Fla. 2d DCA 1975); Howard v. State, 280 So.2d 705 (Fla. 4th DCA 1973).
The transcript of the sentencing hearing shows that the following statements were made:
THE COURT: Do you have his sheet here today, Mr. Bailiff? As I recall from the trial he does have two felony previous convictions, if I am not mistaken.
MR. BROWN: Yes sir, 1962 and 1968.
THE COURT: One of them was a robbery reduced to grand larceny.
* * * * * *

*264 THE COURT: The Court will adjudge the defendant to be guilty as charged in the Information for the crime of robbery. Taking into consideration his previous felony convictions, including similar type offenses for the crime of robbery, it is the judgment, order and sentence of the Court that he be confined in the Florida State Prison for twenty-five years. Give him credit for his county jail time . .
From the above portions of the record, it appears that the trial court did in fact consider at least one felony conviction obtained of appellant prior to Gideon, supra. Therefore, we are of the opinion that appellant is entitled to an evidentiary hearing in which appellant will be given an opportunity to present evidence that 1) at the time of his 1962 conviction he was indigent and unable to employ an attorney and, in fact, uncounseled, and 2) he did not knowingly waive his right to counsel. If the prior conviction is determined to be invalid, then appellant should be resentenced without any consideration of the pre-Gideon conviction.
This case is remanded for proceedings in accordance with this opinion.
McNULTY, C.J., and HOBSON and GRIMES, JJ., concur.