346 So.2d 1075 (1977)
Thomas Winfred LLOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1019.
District Court of Appeal of Florida, Second District.
June 8, 1977.
Jack O. Johnson, Public Defender, Bartow, and Stephen O. Rushing, Asst. Public Defender, Tampa, and Sue Hicks, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Tampa, for appellee.
SCHOONOVER, JACK R., Associate Judge.
The appellant, defendant in the lower court, was found guilty of robbery and sentenced to ninety-nine years in prison. On appeal to this Court, the judgment and sentence *1076 of the lower court were affirmed. The appellant subsequently filed two Rule 3.850 motions. After an evidentiary hearing was held, the motions were denied and this timely appeal followed. The appellant contends that the trial court erred by not vacating and setting aside his sentence on the ground that the trial court improperly considered prior invalid convictions when he meted out the appellant's sentence. We agree and reverse.
During direct examination of the appellant at his original trial, he was questioned regarding prior convictions and testified to having several prior felony convictions. At the time, neither the appellant, nor his trial counsel, was aware of the possible illegality of some of these convictions. In the instant case, the trial court indicated at the evidentiary hearing held on the Rule 3.850 motions that the appellant's prior convictions may have influenced his sentence when he said that: "I wouldn't say that it did not have some bearing on the court's sentencing process ... and I won't say that Mr. Lloyd's prior record didn't have some bearing on it."
From the above portions of the record, it appears that the trial court may in fact have considered prior convictions and in doing so enlarged the appellant's sentence.
The appellant alleges that some of his prior convictions were uncounseled, and that he was not financially able to obtain counsel. He further contends that he did not waive his right to counsel. If these allegations are true, appellant would be entitled to relief. Wolfe v. State, 323 So.2d 680 (Fla. DCA 2nd 1975); Glenn v. State, 338 So.2d 263 (Fla. DCA 2nd 1976).
We are therefore of the opinion that the appellant is entitled to a full evidentiary hearing in which he will be given an opportunity to present evidence that at the time of his prior felony convictions he was indigent and unable to employ an attorney and, in fact, uncounseled, and that he did not knowingly waive his right to counsel. If the prior convictions are determined to be invalid, then the appellant should be resentenced without any consideration of his pre-Gideon convictions. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).
This case is therefore remanded for proceedings in accordance with this opinion.
McNULTY, Acting C.J., and OTT, J., concur.