PER CURIAM.
The appellant pled guilty to a charge of possession of more than five grams of marijuana. He was later sentenced to five years in prison. His only assignment of error is directed to the court’s refusal to grant his motion to withdraw his guilty plea prior to sentencing. On this record we do not believe that error was committed in refusing the appellant the right to withdraw his plea.
While his appeal was in progress, the appellant brought to our attention that his only previous felony conviction had just been set aside by the Circuit Court of Dade County on July 26, 1977, under the authority of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In view of the fact that the judge specifically stated that one of the reasons for the severity of appellant’s sentence in the instant case was the fact of his prior felony conviction, appellant will have to be resentenced. Wolfe v. State, 323 So.2d 680 (Fla.2d DCA 1975). Since the state has conceded the invalidity of appellant’s Dade County conviction, we see no purpose in requiring a hearing under Fla.R.Crim.P. 3.850.
The judgment is affirmed. The sentence is vacated, and the case is remanded for resentencing at which the appellant should be present. In order to spare the sentencing judge the awkward task of now having to decide what appellant’s sentence ought to be without the felony conviction on his record, we suggest that appellant be resen-tenced before another judge.
GRIMES, Acting C. J., and SCHEB and OTT, JJ., concur.