PER CURIAM.
Joseph Garcia appeals the summary denial of his motion to vacate his sentence, filed pursuant to Fla.R.Crim.P. 3.850, wherein he alleged that his present sentence was predicated in part on a prior conviction in a case in which he was without counsel. Since appellant’s allegations, if true, would entitle him to relief and since his allegations are not refuted by the record, we must reverse.
In 1974 appellant was charged with robbery, tried by a jury, and convicted as charged. Immediately following the publishing of the verdict, the trial judge verbally summarized the contents of the F.B.I. “rap sheets” of appellant and his co-defendant, concluded on the basis of their “backgrounds” that they “should never see the light of day again,” and sentenced them each to 199 years in prison. One of the offenses of the trial judge mentioned as included in appellant’s “rap sheet” was “August of ’55 in Tampa, B & E (breaking and entering), grand larceny, three years. Probation second count deferred.”
In his motion appellant alleges that one of his prior convictions upon which the trial judge predicated the sentence imposed in the instant case, a breaking and entering charge, Case No. 42-719, of which appellant was found guilty and for which he was placed on probation in August 1955, is invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), because appellant was denied counsel in that case.
Appellant’s allegations are not refuted by the record, and if they are true, appellant is entitled to relief. Wolfe v. State, 323 So.2d 680 (Fla. 2d DCA 1975); Glenn v. State, 338 So.2d 263 (Fla. 2d DCA 1976); Lloyd v. State, 346 So.2d 1075 (Fla. 2d DCA 1977). Unless the rap sheet upon which the trial judge relied conclusively demonstrates that the 1955 breaking and entering conviction mentioned by the trial court is not the same conviction described in appellant’s motion, appellant is entitled to an evidentiary hearing at which he should be given an opportunity to present any evidence he has that at the time of his prior felony conviction he was uncounseled, unable to afford counsel, and had not knowingly waived his right to counsel. If the prior conviction is determined to be invalid, then appellant should be resentenced without any consideration of *562 that conviction. Gideon v. Wainwright, supra. *
This case is, therefore, remanded for proceedings in accordance with this opinion.
OTT, Acting C. J., and RYDER and DANAHY, JJ., concur. *