400 So.2d 91 (1981)
The STATE of Florida, Appellant,
v.
Jorge Carlos PEREZ and Johnny Ortiz, Appellees.
No. 80-948.
District Court of Appeal of Florida, Third District.
June 9, 1981.
Rehearing Denied July 14, 1981.
*92 Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender and Joseph C. Segor, Asst. Public Defender, for appellees.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
PER CURIAM.
Defendants were taken into custody some time prior to October 8, 1979; Perez as a result of an indictment charging first degree murder, Ortiz as a result of an information charging a burglary. They were 16 and 17 years of age. While in the Dade County jail, they were arrested on October 9, 1979 for the commission of a sexual assault at the Dade County jail, which allegedly occurred on October 8, 1979. Thereafter, subsequent to the expiration of 90 days from the time of their arrest on the sexual assault, an information charging such crimes was filed against the defendants. They moved for a discharge, contending that they were entitled to be brought to trial within 90 days of their arrest because they were juveniles and, as of the date of the alleged sexual assault, they had not been found guilty of the crimes with which they had originally been charged.[1] After several hearings, the trial court granted their motions for discharge in words and figures as follow:
... .
"THIS CAUSE coming on to be heard upon the Motions for Discharge of defendants JOHNNY ORTIZ and JORGE CARLOS PEREZ and the Court having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings:
1. The defendant, JOHNNY ORTIZ, was arrested on October 9, 1979, and charged with Sexual Battery.
2. At the time of his arrest the defendant, JOHNNY ORTIZ, was sixteen years of age.
3. The defendant, JORGE CARLOS PEREZ, was arrested on October 9, 1979, and was charged with Sexual Battery.
4. At the time of his arrest the defendant, JORGE CARLOS PEREZ, was seventeen years of age.
5. The crimes for which the defendants were arrested allegedly occurred on October 8, 1979.
6. The State did not file an Information in the Adult Division of the Circuit Court in and for Dade County, Florida, until January 11, 1980, more than ninety days after the arrest of the juvenile defendants. All during this time, the defendants ORTIZ and PEREZ had been continuously incarcerated in a pre-trial status.
7. On February 29, 1980, the defendant, ORTIZ, filed a Motion for Discharged relying on the Florida Rule of Juvenile Procedure 8.180 and Florida Statute Section 39.02(5)(d).
8. This Motion was orally granted by this Court on February 29, 1980. No written order was rendered at that time.
9. On March 5, 1980, the State timely filed a Motion to Reconsider, Vacate and Set Aside the Order of Discharge with respect to defendant ORTIZ.
10. The State's Motion relied on the case of Florida ex rel. Register v. Safer, 368 So.2d 620 (Fla. 1st DCA 1969), (hereinafter referred to as Register) and Florida Statutes Sections 39.04(2)(3) and (e).
11. The Court heard argument on the State's Motion on March 5, 1980 and March 19, 1980 and specifically considered the arguments raised in the State's Motion for Reconsideration.

*93 12. On March 20, 1980, the defendant, PEREZ, filed a Motion to Discharge and the State adopted the same positions it had previously adopted in opposition to the motion of the defendant ORTIZ.
CONCLUSION OF LAW
1. The State relies on the Register case and Florida Statute Sections 39.04(2)(d) and (e) which authorize the State Attorney to exercise his/her discretion and file an Information charging a sixteen or seventeen-year old in the Adult Division of the Circuit Court without resorting to a transfer from the Juvenile Division when certain factors are present.
2. The Register case approved the statutory procedures set forth in Florida Statute Sections 39.04(2)(d) and (e) pertaining to the filing of an Information and this Court agrees with the holdings of the Register case, but finds it distinguishable.
3. In Register, the defendant, a juvenile was arrested on October 27, 1978, and an Information was filed in the Adult Division of the Circuit Court on November 17, 1978, a total of twenty-one days after the juvenile defendant's arrest. The filing of the Information in the Adult Division of the Circuit Court, in the Register case was based on Florida Statute Sections 39.04(2)(d) and (e) the same Sections as are in issue in the instant case.
4. In the instant case the Information was filed on the ninety-fifth day after the arrest of the juvenile defendants. Until the Information was filed jurisdiction of this cause was in the Juvenile Division of the Circuit Court. On the ninety-first day following their arrest, the juvenile defendants speedy trial rights vested pursuant to the Juvenile Speedy Trial Rule, Rule 8.180 of the Florida Rules of Juvenile Procedure.
5. Even though the defendants did not file a Motion to Discharge until after the State filed an Information in this cause, the State cannot circumvent the 90 day rule of Rule 8.180 by waiting until more than 90 days have elapsed and then invoking the jurisdiction of the Adult Division of the Circuit Court. The intent of the juvenile speedy trial rule is to insure that some action or disposition of a juvenile case is pursued within 90 days. If the State cannot meet that time structure, subsection of the rule provides a remedy: The State may seek an extension of the 90 day period. This the State chose not to do in this case.
6. The State's filing of an Information more than ninety days after the arrest cannot deprive the defendants of their previously vested rights under the Juvenile Speedy Trial Rule. The Defendants had been continuously available, indeed in custody, during the ninety day period and were not brought to trial through no fault of their own.
7. This Court specifically holds that the State cannot validly invoke the provisions of Florida Statute Sections 39.04(2)(d) and (e) by filing an Information in the Adult Division of the Circuit Court more than ninety days after a juvenile is taken into custody for a delinquent act which is classified as a felony by Florida law since the juvenile's speedy trial time limitation elapses on the ninetieth day subsequent to the arrest. Thus, the State must make its determination to invoke Sections 39.04(2)(d) and (e), prior to the running of Speedy Trial period.
8. Sections 39.04(2)(d) and (e), was not intended to provide the State with means of circumventing the juvenile speedy trial rule; yet that is how it was misused in this case.
IT IS THEREUPON
ORDERED and ADJUDGED that the Motion for Discharge of the Defendants PEREZ and ORTIZ be and the same are hereby granted."
... .
The State appeals and contends that this decision is controlled by the opinion of the Second District, rendered in State v. Robinson, 336 So.2d 437 (Fla.2d DCA 1976). If Robinson is still valid law, in light of the opinion of the Supreme Court of Florida in State v. Benton, 337 So.2d 797 (Fla. 1976) we decline to follow it. Also compare State v. *94 Boatman, 329 So.2d 309 (Fla. 1976). The trial court's reasoning, as reflected in its order of discharge, appears to be the better procedure to be followed when juveniles are to be charged as adults, and until such time as the State notifies a juvenile that he is to be considered as an adult as to certain charges the juvenile has the right to rely on the statutes and rules that protect him in the status of a juvenile; the State cannot wait until the expiration of the 90-day speedy trial time applicable to juveniles and then file an information and contend that the juvenile is an adult and therefore be governed by the 180-day speedy trial rule.
The order under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] On June 7, 1979 Perez entered a nolo contendere plea to second degree murder, but no finding of guilt was made until October 23, 1979. Ortiz pleaded guilty to the burglary information on January 11, 1980. Therefore, neither had been found guilty of the crimes originally charged prior to their arrest in the jail on October 9, 1979 in order to activate Section 39.02(5)(d), Florida Statutes (1979).