415 So.2d 1353 (1982)
David Michael PARR, Appellant,
v.
STATE of Florida, Appellee.
No. 81-567.
District Court of Appeal of Florida, Fourth District.
July 7, 1982.
*1354 Richard L. Jorandby, Public Defender, and Richard B. Greene, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
The first issue addressed in this appeal is whether an Information alleging a felony filed against a juvenile after the expiration of the forty-five day period established by Subsection 39.05(6) Florida Statutes (and, indeed, after the ninety day period established by Subsection 39.05(7) Florida Statutes and by Rule 8.180(a) Florida Rules of Juvenile Procedure) is thereby rendered fatally defective. The one hundred eighty day adult speedy trial rule has not been violated.
Appellant, David Michael Parr, a juvenile, was taken into custody on a charge of burglary and was later released in the custody of his parents. One hundred and four days later the state filed an Information. No petition for delinquency was ever filed. Appellant filed a motion to dismiss, which was denied. He then pled nolo contendere reserving his right to appeal, inter alia, the denial of his motion to dismiss.
The applicable statute provides:
(6) On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.
(7)(a) If a petition has been filed alleging that a child has committed a delinquent act, the adjudicatory hearing on the petition shall be commenced within 90 days of the earlier of the following dates:
1. The date the child was taken into custody.
2. The date the petition was filed.
(b) If the adjudicatory hearing is not begun within 90 days or an extension thereof as hereinafter provided, the petition shall be dismissed with prejudice. (emphasis added.) § 39.05, Fla. Stat. (1979).
Rule 8.180, Florida Rules of Juvenile Procedure provides:
(a) Time. Every case in which a petition has been filed alleging a child to be delinquent or dependent shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliest of the following dates:
(1) The date the child was taken into custody.
(2) The date the petition was filed.
(b) Dismissal. If the adjudicatory hearing is not begun within ninety (90) days or an extension thereof as hereinafter provided the petition shall be dismissed with prejudice. (emphasis added.)
*1355 Special treatment of juveniles is neither constitutionally mandated nor even recognized by the common law. State v. Cain, 381 So.2d 1361 (Fla. 1980). As carefully noted in Cain, "a child has the right to be treated as a juvenile delinquent only to the extent provided by our legislature." It follows that a juvenile has such rights to special treatment as the legislature establishes.
In recent years the legislature has created procedures allowing, in certain circumstances, juvenile offenders to be treated as adults. § 39.04(2)(e), Fla. Stat. (1979). Pursuant to this statutory provision, the state attorney may (a) file a petition for delinquency with a motion to transfer and certify the child for prosecution as an adult, (b) directly file an information against a child who is 16 or 17 years old, when such a course of action is deemed to be in the public interest or (c) refer the case to the grand jury. Any one of these methods may be employed by the state attorney to obtain adult treatment of juveniles. Thus, there is a somewhat complex interplay between adult and juvenile proceedings and the rules applicable to each.
When the state attorney files a petition for delinquency and motion to transfer, it is obvious that juvenile procedures and rules govern until the child is actually transferred to adult court and an Information is filed since the action is initiated in juvenile court and, without the transfer, remains there. Further, as to "speedy file" and speedy trial, the previously quoted statute and rule are applicable because they specifically refer to petitions. A problem arises, however, when a juvenile case is referred to the grand jury or, as here, the state attorney files an Information against the juvenile. The question left unanswered by the statutory scheme and procedural rules is whether the juvenile "speedy file" and speedy trial mandates have viability where a child, without ever having been charged as a juvenile, is treated as an adult.
In State v. Perez, 400 So.2d 91, 94 (Fla.3d DCA 1981), the court held that:
[U]ntil such time as the State notifies a juvenile that he is to be considered as an adult as to certain charges the juvenile has the right to rely on the statutes and rules that protect him in the status of a juvenile; the State cannot wait until the expiration of the 90-day speedy trial time applicable to juveniles and then file an information and contend that the juvenile is an adult and therefore be governed by the 180-day speedy trial rule.
However, as previously discussed, nothing in the statute or court rules indicates that the time limitations relating to juvenile proceedings were intended to apply where adult court proceedings are initiated by information or indictment. Rather, by specifically referring only to petitions and adjudicatory hearings thereon, the legislature (and court) contemplated that the time restrictions would govern only those cases involving petitions or adjudicatory hearings which, by definition, means those cases pending before the juvenile court. Thus, a child who is subject to adult proceedings and sanctions cannot rely upon the special treatment established for juvenile proceedings. See State v. Puckett, 384 So.2d 660 (Fla. 2d DCA 1980).
The legislature, then, has reposed broad discretion in the state attorney to prosecute certain juveniles as adults and if a child meets the statutory criteria, he should be treated as an adult in all respects. This brings us to the second issue on appeal: whether appellant satisfied the requirements for treatment as an adult.
When a child is initially charged by Information in adult court, he may move to transfer the case to juvenile court for adjudicatory proceedings. If the child demonstrates that he has not previously been found to have committed two delinquent acts, one of which is a felony, the case must be transferred as requested. § 39.04(2)(e)(4), Fla. Stat. (1979). Here, appellant had been found guilty of the requisite delinquent acts. However, in requesting that the case be transferred to juvenile court for disposition, appellant claimed that those findings were the result of guilty pleas obtained without the proper inquiries and determinations as to whether they were *1356 voluntarily and intelligently entered. After reviewing the transcript of the plea hearing conducted in juvenile court, the adult trial court denied appellant's motion to transfer. When entering his nolo contendere plea to the present charge, appellant also reserved the right to appeal this ruling.
Rule 8.130(a), Florida Rules of Juvenile Procedure provides that the court shall not accept a plea of guilty or nolo contendere "without first determining that the plea is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such plea and that there is a factual basis for such plea." This rule reflects the constitutional mandate of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record before us affirmatively discloses that the juvenile court made no inquiry into appellant's understanding of the charges nor did the court determine whether the plea was voluntary. Further, the plea was accepted without any supporting factual basis.
The State argues that the proper method of collaterally attacking the findings of delinquency would be by motion in the juvenile court, not the adult court. Appellant, however, did not seek to have the findings of delinquency vacated or set aside. Rather, the validity of the prior findings of guilt was challenged by appellant solely for the purpose of invoking the mandatory transfer provision of Chapter 39 in order to avoid treatment as an adult. An analogous situation is presented in those cases where a court predicates a sentence, at least in part, on a defendant's prior convictions. If the defendant demonstrates that a prior conviction is constitutionally invalid then he must be resentenced without consideration of that conviction (or if sentence has not been imposed, the trial court is prohibited from considering the invalid conviction). It is not always necessary for the defendant to first have the invalid conviction vacated. See Garcia v. State, 358 So.2d 561 (Fla. 2d DCA 1978); Lloyd v. State, 346 So.2d 1075 (Fla. 2d DCA 1977). Thus, in the instant context, the trial court was the proper forum for appellant's claim.
As previously discussed, the findings of guilt on which appellant's treatment as an adult was based are constitutionally infirm. Accordingly, the trial court erred in denying appellant's motion to transfer the case to juvenile court. On that basis we reverse the judgment and sentence. Since the juvenile speedy trial time expired prior to the charges being filed, thus entitling appellant to discharge, we do not remand.
REVERSED.
LETTS, C.J., and DELL, J., concur.