468 So.2d 470 (1985)
Robert Howard HAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2017.
District Court of Appeal of Florida, Fourth District.
May 8, 1985.
*471 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
BARKETT, Judge.
We affirm appellant's conviction but vacate the sentence imposed.
At sentencing, appellant elected to be sentenced outside the guidelines because the sentencing judge told him his prior uncounseled convictions would be scored as prior convictions in calculating his sentence under the guidelines. This was error. Convictions obtained without counsel when the defendant could not afford counsel and did not waive his right to counsel are constitutionally invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Such uncounseled convictions may not be used to determine a defendant's sentence. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). See Glenn v. State, 338 So.2d 263 (Fla. 2d DCA 1976); Hicks v. State, 336 So.2d 1244 (Fla. 4th DCA 1976).
We remand for resentencing so that appellant may choose between a properly computed guidelines sentence and a preguidelines sentence determined without consideration of the prior uncounseled convictions.
LETTS and HERSEY, JJ., concur.