479 So.2d 308 (1985)
Thomas Eugene BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 85-734.
District Court of Appeal of Florida, Second District.
December 11, 1985.
James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
This appeal involves the question of whether the time strictures of juvenile proceedings apply to prosecution of a child by direct filing in the adult division of the circuit court.
Appellant, at the age of seventeen, was arrested on March 14, 1984, for the commission of various felonies and misdemeanors. On July 12, 1984, the state filed in the adult division of circuit court an information charging appellant with those crimes. Thereafter, appellant filed a motion for discharge for failure to prosecute him within the forty-five days prescribed by section 39.05(6), Florida Statutes (1983), or within the ninety days set forth in Florida Rule of Juvenile Procedure 8.180. Appellant's motions were denied, and he subsequently pled nolo contendere, reserving the right to appeal.
Section 39.05(6) provides that a petition for delinquency filed against a child should be dismissed with prejudice if not filed within forty-five days from the date the child was taken into custody. Rule 8.180, the juvenile version of the speedy trial rule, requires the child to be brought to an adjudicatory hearing without demand within ninety days of the date the child was taken into custody. Rather than filing a petition for delinquency, the state filed an information pursuant to the authority of section 39.04(2)(e)4, Florida Statutes (1983).
Appellant argues that since the juvenile division had jurisdiction over him until the state filed its information, he was entitled to be discharged when the juvenile time periods expired. Appellant's position is supported by the decision in State v. Perez, 400 So.2d 91 (Fla. 3d DCA 1981), petition for review denied, 412 So.2d 470 (Fla. 1982), in which the court held that the state cannot wait until the expiration of the ninety day juvenile speedy trial time to file an information, and then contend that the child is governed by the 180-day adult speedy trial rule. On the other hand, the court in Parr v. State, 415 So.2d 1353 (Fla. 4th DCA), petition for review denied, 424 So.2d 763 (Fla. 1982), held that the forty-five *309 day period established by section 39.05(6) and the ninety day juvenile speedy trial rule were inapplicable to a child against whom an information had been properly filed under section 39.04(2)(e)4. Accord State v. Puckett, 384 So.2d 660 (Fla. 2d DCA 1980) (section 39.05(6) applies only to the filing of a petition for delinquency).
We opt to follow the rationale of Parr. There is nothing in the statute or court rules that indicates the time limitations relating to juvenile proceedings were intended to apply to adult court proceedings initiated by information or indictment. The supreme court appears to have stated this proposition in D.C.W. v. State, 445 So.2d 333 (Fla. 1984), when it noted that the expiration of the forty-five days prescribed by section 39.05(6) does not bar the state from charging the juvenile as an adult if the adult treatment is appropriate. Of course, the juvenile time periods will control if for some reason the case is later transferred back to the juvenile division. To establish a bright-line rule, we wish to make clear our holding would be the same even if appellant had filed his motion in the juvenile division before the filing of the information. Cf. State v. Robinson, 336 So.2d 437 (Fla. 2d DCA 1976), cert. denied, 341 So.2d 1085 (Fla. 1977), which implies a contrary result under statutory wording which has now been amended.
We do, however, find that the court erred in placing appellant on two years' probation for the commission of two misdemeanors. Alderman v. State, 356 So.2d 928 (Fla. 2d DCA 1978).
The judgments and sentences are affirmed, except that the periods of probation for the misdemeanors are limited to six months.
SCHEB, J., concurs.
SCHOONOVER, J., concurs in result only.