483 So.2d 511 (1986)
IN the Interest of M.A., a child.
No. 85-332.
District Court of Appeal of Florida, Fourth District.
February 19, 1986.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, and Robert David Malove, Asst. Public Defender, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, West Palm Beach, for appellee.
DOWNEY, Judge.
This is an appeal from a judgment of the trial court withholding adjudication of delinquency and placing appellant on community control. The sole point on appeal is that the trial court erred in denying appellant's motion to dismiss for violating the appellant's right to a speedy trial pursuant to Florida Rule of Juvenile Procedure 8.180.
The state filed a petition for adjudication of delinquency against appellant, who was first taken into custody on October 28, 1984. The charge lodged against appellant was breach of the peace for standing in a roadway and refusing to allow cars to pass. Rule 8.180(a) requires that the minor be brought to an adjudicatory hearing within ninety days from date of the arrest.
On December 17, 1984, the state attempted to serve appellant with a summons to appear at an arraignment scheduled for January 9, 1985. The summons was returned unserved with the notation that it contained an incorrect address for appellant. The address on the summons was S.W. 20th St., and appellant's correct address is S.W. 21st St. No further attempt was made by the state to locate appellant. On January 9, appellant failed to appear at her arraignment and the court entered an order that appellant had waived speedy trial by failing to appear. The afternoon of January 9, 1985, appellant's mother was notified by telephone by a functionary in the office of the clerk of the circuit court that appellant had missed her arraignment date. The mother asked what she should do and was advised to have appellant in court the next day. On January 10, 1985, appellant appeared and was arraigned.
Appellant next moved to dismiss on speedy trial grounds pursuant to rule 8.180(d), which requires dismissal for noncompliance with the speedy trial rule unless *512 any of the listed reasons for not doing so exist. The ninety-day period expired in this case on January 25, 1985. Originally, the trial judge granted the motion to dismiss, but then changed his mind and held that appellant was responsible for her nonappearance on January 9, 1985.
On appeal the state contends that, when the arresting officer made out the original arrest affidavit, he had appellant sign it and thus she is responsible for the improper address. Appellant testified that she furnished the officer with her correct address. The officer could not contradict that testimony.
More importantly, the cause of appellant's failure to appear is patently the fault of the state. The attempt to notify appellant was made by the state when over three weeks remained before the arraignment date. Yet no further effort was made to determine appellant's correct address and notify her. It is obvious that her address could have been readily obtained because on January 9, 1985, the clerk's office obtained appellant's correct address by simply calling HRS! On that very day, the clerk's office notified appellant and she appeared the following day and was arraigned. Under these circumstances, we hold that appellant was not unavailable for trial and thus the speedy trial time expired and it was error to deny appellant's motion to dismiss.
We believe this holding is supported by Richardson v. State, 340 So.2d 1198 (Fla. 4th DCA 1976); V.C. v. Ferguson, 422 So.2d 861 (Fla. 3d DCA 1982), aff'd, 427 So.2d 722 (Fla. 1983); and Wright v. State, 387 So.2d 1060 (Fla. 5th DCA 1980).
Accordingly, the judgment appealed from is reversed and the cause is remanded with directions to discharge appellant.
REVERSED AND REMANDED with directions.
HERSEY, C.J., and GLICKSTEIN, J., concur.