SCHEB, Acting Chief Judge.
Defendant, Ronnie L. Fortune, challenges his conviction for throwing a deadly missile at an occupied vehicle and his two-year general term of probation resulting from that conviction and from a conviction for criminal mischief.
We reject Fortune’s first point challenging his conviction for throwing a deadly missile at an occupied vehicle in violation of section 790.19, Florida Statutes (1985). We do, however, find merit to his second contention that the trial court erred by imposing a two-year general term of probation for the two separate offenses.
A general term of probation for two separate offenses is improper. J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985). By imposing this general term of probation, Fortune contends that the trial court exceeded the statutory maximum term of probation for criminal mischief which is six months. §§ 806.13(b)1., 948.04(1), Fla.Stat. (1985); Smith v. State, 484 So.2d 581, 582 n. 1 (Fla.1986); see Bell v. State, 479 So.2d 308 (Fla. 2d DCA 1985). He further contends that he has already served more than the six-month probation term for criminal mischief. Thus, he argues the portion of the probation order related to the criminal mischief must be vacated. We cannot, however, make a determination as to whether he has served his term for criminal mischief from the record before us.
Accordingly, we affirm Fortune’s convictions but remand the case to the trial court with instructions to enter separate probation orders for each offense.
RYDER and THREADGILL, JJ., concur.