COPE, Judge.
The State appeals an order discharging defendant-appellee Ivan Meza under the juvenile speedy trial rule. We conclude that the discharge order was improvidently issued, and reverse.
Defendant was originally charged as a juvenile with multiple criminal offenses. The juvenile speedy trial period is ninety days. Fla.R.Juv.P. 8.090(a). On the ninetieth day, the State filed an information in circuit court charging defendant as an adult. The same day, defendant filed a motion for discharge under the juvenile speedy trial rule.
At hearing on the motion for discharge, the trial court ruled that the speedy trial period expired on the ninetieth day. The court concluded that the information would have been timely if it had been filed on the eighty-ninth day, but was untimely on the ninetieth day. The court granted the motion for discharge.
We conclude that the trial court erred in its interpretation of the speedy trial period. “[T]he applicable ‘speedy trial period’ is the 90-day period expressly provided for in Rule 8.090(a)(1).” P.S. v. State, 658 So.2d 92, 94 (Fla.1995). Defendant now concedes that the juvenile speedy trial period includes the ninetieth day. Defendant also concedes that since the information was filed on the ninetieth day, it was timely and effective to trigger the longer adult speedy trial period.
In ruling as it did, the trial court relied on an isolated statement in State v. Perez, 400 So.2d 91 (Fla. 3d DCA 1981), that “the juvenile’s speedy trial time limitation elapses on the ninetieth day subsequent to the arrest.” Id. at 93. In Perez the defendant had originally been charged as a juvenile, and on the ninety-fifth day an information was filed. This court held that Perez was entitled to discharge because the information was not filed until after the speedy trial period had expired. When Perez is read as a whole, it is clear that Perez deemed the juvenile speedy trial period to include the ninetieth day, and that the information was untimely because it was filed after the ninetieth day. As con *969 firmed more recently by the Florida Supreme Court in P.S. v. State, the State is not permitted to file, or refile, charges after the ninetieth day of the juvenile speedy trial period. See 658 So.2d at 93-94.
Since the information was filed on the ninetieth day, it was timely and triggered the longer adult speedy trial period. The discharge order is reversed and the cause remanded for further proceedings.
Reversed.