PER CURIAM.
E.L. challenges the denial of his request to withdraw his plea to violations of community control. Because E.L. never entered a plea that could be accepted pursuant to Rule of Juvenile Procedure 8.080, we reverse.
*281 Rule 8.080 imposes upon a trial judge the obligation to determine that the child’s plea was made knowingly and voluntarily. To fulfill this obligation, the trial court must determine that the child understands a minimum of seven factors, including, but not limited to, the right to persist in a plea of not guilty, the right to an adjudicatory hearing, and the right to present evidence. Adherence to the rule insures the child possesses the requisite knowledge to enter a binding plea. Failure to follow any of the procedures in this rule does not automatically render a plea void in the absence of a showing of prejudice, but, in this case, the deficiencies are so severe that it is doubtful that the juvenile even entered a plea.
At a subsequent hearing before a successor judge, E.L. sought to withdraw his plea contending that he misunderstood the results of his earlier plea. The successor judge had no reason to know the major deficiencies in the prior hearing and declined to permit the withdrawal of the plea.
As in D.V.L. v. State, 693 So.2d 693 (Fla. 2d DCA 1997), the plea colloquy is legally inadequate. The record affirmatively discloses that no inquiry was made that comports with rule 8.080. See Parr v. State, 415 So.2d 1353 (Fla. 4th DCA 1982).
Reversed and remanded for further proceedings to allow E.L. to withdraw his plea.
ALTENBERND, A.C.J., and FULMER and CASANUEVA, JJ., concur.