759 So.2d 647 (2000)
STATE of Florida, Petitioner,
v.
Jorge OLIVO, Respondent.
No. SC94097.
Supreme Court of Florida.
April 6, 2000.
Rehearing Denied June 12, 2000.
Robert A. Butterworth, Attorney General, and Sylvie Perez-Posner, Assistant Attorney General, Fort Lauderdale, Florida, for Petitioner.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, for Respondent.
QUINCE, J.
We have for review the decision in State v. Olivo, 717 So.2d 620 (Fla. 3d DCA 1998), which certified conflict with the decisions in Parr v. State, 415 So.2d 1353 (Fla. 4th DCA 1982), and Bell v. State, 479 So.2d 308 (Fla. 2d DCA 1985). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we approve Parr and Bell, disapprove State v. Perez, 400 So.2d 91 (Fla. 3d DCA 1981), and quash the Third District's decision in State v. Olivo.
Respondent Jorge Olivo (Olivo) was arrested on October 13, 1995, for driving under the influence with serious bodily injury in violation of section 316.193(3)(c)(2), Florida Statutes (1995). Olivo's blood and urine samples, obtained pursuant to an arrest warrant the day following the accident, indicated a blood alcohol level of .16% and yielded positive results for cocaine and other drugs. At the time of his arrest, Olivo was either sixteen or seventeen years old and, therefore, the case was initially assigned to the juvenile unit.[1]
*648 On November 15, 1995, the State announced it was considering whether to charge Olivo as an adult pursuant to section 39.0587(1)-(3), Florida Statutes (Supp. 1994),[2] and asked the trial court to set a hearing within twenty-one days. At the hearing on November 29, 1995, the trial court entered an order acknowledging the State's intention to determine whether to direct file in the criminal division. Although the trial court found probable cause, it released Olivo to the custody of his parent pending a hearing on December 20, 1995. At the December hearing, the trial court granted the State's request for a two-week postponement. Subsequently, the trial court granted several other requests for postponement made by the State. On March 19, 1996, the State filed an information charging Olivo as an adult, and it later filed an "Announcement of Direct File" on March 27, 1996. Thereafter, the case proceeded in the criminal division of the circuit court.
On February 10, 1997, Olivo filed a motion to dismiss in the criminal division of the circuit court. A hearing on the motion was held the same day. The parties disagreed on whether the juvenile or adult speedy trial rule governed the proceedings. At the hearing, the State acknowledged Perez, but cited contrary authority on the same issue. In addition, the State argued that it filed an information before the adult speedy trial rule for felonies expired.[3] The circuit court, however, concluded: "It appears clearly that at this time, in this district, State v. Perez is still the law." Accordingly, the court dismissed the case based upon the State's failure to bring Olivo to an adjudicatory hearing within ninety days pursuant to the juvenile speedy trial rule.[4] The Third District affirmed the circuit court's decision and certified conflict with Bell v. State and Parr v. State.
The district courts have grappled with the extent to which juvenile procedural rules should govern cases that were direct filed in the adult division. In Perez, the Third District held that the State could not circumvent the juvenile speedy trial rule by filing an information in the adult division after the juvenile speedy trial period lapsed. See Perez, 400 So.2d at 93. The court reasoned that because the juvenile division retained jurisdiction until the State filed an information, the juvenile speedy trial rights vested on the ninety-first day. Therefore, the State's filing of an information after that time could not "deprive the defendants of their previously vested rights under the Juvenile Speedy Trial Rule." Id.
The Fourth and Second Districts, however, adopted a contrary approach. In Parr v. State, 415 So.2d 1353 (Fla. 4th DCA 1982), the State, without filing a petition for delinquency, filed an information after both the juvenile speedy trial period and the period for filing a petition had expired. The court, recognizing that the Legislature entrusted the decision to either file a petition for delinquency or direct file in the adult division to the state attorney, concluded that "a child who is subject to adult proceedings and sanctions cannot rely upon the special treatment established for juvenile proceedings." Id. at 1355. The district court reasoned that by specifically referring to petitions and adjudicatory hearings the Legislature and the Florida Supreme Court restricted the juvenile rules' application to those cases involving petitions for delinquency and adjudicatory hearings, i.e., those cases pending before the juvenile court.
Similarly, the Second District in Bell v. State, 479 So.2d 308, 309 (Fla. 2d DCA *649 1985), concluded that neither the statute nor court rules suggest that the time limitations applicable to juvenile proceedings were intended to apply to adult criminal proceedings. The Bell court, in reaching its conclusion, also relied on D.C.W. v. State, 445 So.2d 333 (Fla.1984), in which this Court said the expiration of the period for filing a delinquency petition did not bar the State from charging the juvenile as an adult.
Although the circuit court applied Perez to the instant case, the plain meaning of both the juvenile rules and statutes in dilates that Parr and Bell are more consistent with the legislative scheme. Florida Rule of Juvenile Procedure 8.090, the speedy trial rule applicable in juvenile cases, provides, in pertinent part:

If a petition has been filed alleging a child to have committed a delinquent act, the child shall be brought to an adjudicatory hearing without demand within 90 days of the earlier of the following:
(1) The date the child was taken into custody [or]
(2) The date the petition was filed.
Fla. R. Juv. P. 8.090(a) (emphasis added). By contrast, Florida Rule of Criminal Procedure 3.191, the speedy trial rule applicable in adult cases, provides, in pertinent part: "[E]very person charged with a crime by indictment or information shall be brought to trial ... within 175 days if the crime charged is a felony." The Perez court, while recognizing the State's power to direct file in the adult division, held this authority must be exercised within the time period prescribed by the juvenile speedy trial rule. However, the Perez court's rationalethat the juvenile speedy trial rights vest on the ninety-first dayis less persuasive when considered in context with the provisions of the rules. As the State correctly observes, rule 8.090 refers exclusively to the filing of a petition. Properly construed, rule 8.090(a) provides that the ninety day period is triggered only upon the filing of a petition for delinquency. Therefore, the logical conclusion is that since the State did not file a petition for delinquency, rule 8.090 and its attendant ninety-day time restriction were not triggered. This construction is consistent with the Parr court's conclusion that the juvenile speedy trial rule, by definition, applies to those cases pending before the juvenile court. Moreover, the Bell court was correct in its conclusion that neither the statute nor rules evince an intent to maintain juvenile speedy trial requirements once a case has been direct filed in the adult division. On the contrary, the statutes consistently provide that state attorneys are entitled to make independent assessments without having their discretion curtailed by the juvenile system.
The state attorney's independent assessment of these cases is supported by other statutory provisions. For example, section 39.047(4)(a), Florida Statutes (Supp.1994), provides that the intake counselor's recommendation is not a prerequisite for any action taken by the state attorney, and section 39.047(4)(e), Florida Statutes (Supp.1994), further provides that the state attorney may at all times take action independent of the intake counselor. See § 39.047(4), Fla. Stat. (Supp.1994).[5] Moreover, the State may file an information rather than a petition for delinquency *650 without first obtaining a transfer of jurisdiction from the juvenile court. See Washington v. State, 642 So.2d 61 (Fla. 3d DCA 1994); State v. Everett, 624 So.2d 853 (Fla. 3d DCA 1993) (holding that "the state attorney is not precluded from direct-filing an information despite initially filing a delinquency petition" and noting that a transfer of jurisdiction was not required). Furthermore, section 39.0587, Florida Statutes (Supp.1994), allows prosecutors to charge juveniles as adults when in their "judgment and discretion the public interest requires that adult sanctions be considered or imposed." § 39.0587(1)(e)2.a., Fla. Stat. (Supp.1994).
Certainly, it would be anomalous for the Legislature to identify exigent circumstances warranting the imposition of adult penalties, yet concomitantly allow juvenile defendants to maintain special privileges. In enacting the foregoing statutes, the Legislature not only granted state attorneys broad discretion in exercising their executive functions, but it also endeavored to prevent the juvenile system from impeding the exercise of this discretion. In short, applying the juvenile speedy trial rule to cases directly filed in the adult division would frustrate both the letter and spirit of the statutes and procedural rules. Therefore, we approve both Parr and Bell, and disapprove Perez, which the circuit court followed in this case.[6]
Olivo also contends that independent of the juvenile speedy trial requirements the State has failed to comply with rule 3.191, the adult speedy trial rule. He asserts the State's decision to file an information for a felony charge effectively nol prossed the juvenile charge. When the State discontinues prosecution, argues Olivo, a defendant is legally released from the obligation to appear before the juvenile court, and no obligation to appear before the court on the felony charge arises until the defendant's rearrest. We do not reach this issue because Olivo did not make this argument in the lower courts; thus, the issue has not been preserved for review in this Court.
Accordingly, we hold that the adult speedy trial rule, not the juvenile speedy trial rule, governs when the State direct files in the adult division. In so doing, we approve Parr and Bell, disapprove Perez, and quash the Third District's decision in this case.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
NOTES
[1] The arrest affidavit indicates the date of birth as August 17, 1978; however, the information indicates the date of birth as August 17, 1979.
[2] Effective October 1, 1995, section 39.0587 was amended and renumbered as section 39.052(3). Both statutes enable state attorneys to prosecute juveniles as adults under limited circumstances.
[3] The 175th day for trial elapsed on April 5, 1996.
[4] The 90th day for an adjudicatory hearing would have been January 11, 1996.
[5] This statute, among others (including section 39.0587), was subsequently repealed when chapter 39, Florida Statutes, was reorganized. Most statutes pertaining to juvenile justice are now contained in chapter 985, Florida Statutes. Section 39.047(4)(a) provides that the intake counselor may "recommend that the state attorney file a petition of delinquency or an information or seek an indictment by the grand jury. However, such a recommendation is not a prerequisite for any action taken by the state attorney." § 39.047(4)(a), Fla. Stat. (Supp.1994). Similarly, section 39.047(4)(e) states that "[t]he state attorney may in all cases take action independent of the action or lack of action of the intake counselor or case manager, and shall determine the action which is in the best interest of the public and the child." § 39.047(4)(e), Fla. Stat. (Supp.1994).
[6] Because we hold that the adult speedy trial rule governs when the State direct files in the adult division, we need not address the State's contention that it was entitled to a window of recapture period before outright dismissal pursuant to the juvenile speedy trial rule.