PER CURIAM.
Juvenile R.K. filed a petition for writ of prohibition seeking speedy trial discharge under Florida Rule of Juvenile Procedure 8.090 (2000). It is undisputed that the adjudicatory hearing was not held within ninety days of his arrest, as required by that rule.[1]
The trial court granted the state an extension of the speedy trial period based upon its showing that it had made three unsuccessful attempts to serve R.K. with the delinquency petition. A1 three attempts were made during school hours at R.K.’s residence. A1 three times, the process server found no one at home.
The state’s evidence was insufficient to demonstrate that it made diligent efforts to serve R.K. The state therefore failed to demonstrate that he was unavailable within the meaning of rule 8.090(d)(4) and it was error for the trial court to extend the speedy trial period. See In Interest of M.A., 483 So.2d 511 (Fla. 4th DCA 1986); V.C. v. Ferguson, 422 So.2d 861 (Fla. 3d DCA 1982), aff'd, 427 So.2d 722 (Fla.1983).
*1099 The petition for writ of prohibition is granted. The trial court is directed to discharge R.K.
POLEN, GROSS and TAYLOR, JJ., concur.

. We reject the state's argument that the speedy trial period began to run on the later date when the delinquency petition was filed. The state cites State v. Olivo, 759 So.2d 647 (Fla.2000), which it claims had the effect of amending rule 8.090(a) to delete the provision that runs the speedy trial period from the date of arrest, if that is the earlier date. The Olivo decision considered only whether rule 8.090 applied to a juvenile who was charged as an adult. It is inapplicable to R.K., who was charged by a delinquency petition and whose case remained in the juvenile division.