WELLS, Judge.
Oscar Alvarez petitions for issuance of a writ of prohibition directing the lower court to dismiss an information charging him as an adult on the basis that the 90-day juvenile speedy trial rule applies to the adult charges and has run. For the following reasons, we deny the petition.
Alvarez, a juvenile, was arrested on August 17, 2002 and charged in a delinquency petition with one count of battery. On October 8, 2002, the State announced a nolle prosequi of the delinquency charges, specifically stating that it was reviewing the case for possible direct file in the adult criminal division. Petitioner was subsequently released from custody.
Thereafter, on January 15, 2003, the State filed a one count information in the criminal division, charging Alvarez as an adult with burglary of a conveyance with the intent to commit battery. Alvarez *1091 subsequently moved for dismissal and discharge on the grounds that under State v. Olivo, 759 So.2d 647 (Fla.2000), once a delinquency petition is filed, a juvenile’s right to proceed under the juvenile rules is triggered, and by virtue of Florida Rule of Juvenile Procedure 8.090(Z), that right becomes forever fixed. The trial court disagreed with these propositions, as do we.
In Olivo, the Florida Supreme Court concluded that “applying the juvenile speedy trial rule to cases directly filed in the adult division [will] frustrate both the letter and the spirit of the statutes and procedural rules.” Olivo, 759 So.2d at 650. Although the Supreme Court noted that juvenile speedy trial rights are “triggered” upon filing of a delinquency petition, it confirmed that those rules apply only while something is pending in the juvenile court:
Properly construed, rule 8.090(a) provides that the ninety day period is triggered only upon the filing of a petition for delinquency. Therefore, the logical conclusion is that since the State did not file a petition for delinquency, rule 8.090 and its attendant ninety-day time restriction were not triggered. This construction is consistent with the Parr [v. State, 415 So.2d 1353 (1982)] court’s conclusion that the juvenile speedy trial rule, by definition, applies to those cases pending before the juvenile court. Moreover the Bell [v. State, 479 So.2d 308 (1985)] court was correct in its conclusion that neither the statute nor rules evince an intent to maintain juvenile speedy trial requirements once a case has been direct filed in the adult division. On the contrary, the statutes consistently provide that state attorneys are entitled to make independent assessments without having their discretion curtailed by the juvenile system.
Id. at 649 (emphasis added).
Here, by virtue of the nolle pro-sequi, nothing was pending against Alvarez in the juvenile court at the time the information was filed. See Allied Fid. Ins. Co. v. State for Use and Benefit of Dade County, 408 So.2d 756 n. 1-n. 2 (Fla. 3d DCA 1982)(noting that a “nolle prosequi is the dismissal of a pending information or indictment” that serves to “terminate then pending proceedings and to release the defendant from all restraint”). Thus in this case, rule 8.090, with its admonition against attempting to avoid application of the 90-day juvenile speedy trial rule by entering a nolle prosequi followed by prosecution of a new juvenile proceeding, has no application. Moreover, we discern the purpose of rule 8.090© to be to preclude the state from circumventing the juvenile speedy trial time limit by nol prossing a juvenile charge followed by refiling of a new juvenile charge as the time limit approaches. See Stewart v. State, 491 So.2d 271, 272 (Fla.1986) (holding that the purpose of Florida Rule of Criminal Procedure 3.191(o), which in pertinent part is the same as rule 8.090©, “is to prevent the state from circumventing the speedy trial rule ... by nol prossing a charge and refiling a new information when the time limit approaches”). That purpose is not implicated in this case.
Because the juvenile rules do not apply to the adult charges filed against Alvarez, and because the information charging him as an adult was filed within the time limit set forth in rule 3.191, there was no speedy trial violation. The petition for writ of prohibition is, therefore, denied.