PER CURIAM.
A suggestion for writ of prohibition was filed on behalf of David Craig Wolff, a minor, seeking to prohibit the respondent as judge of the Juvenile and Domestic Relations Court in and for Dade County from proceeding with a hearing in a cause. The basis of the suggestion was that the respondent was without jurisdiction to proceed to a hearing because the petitioner had filed a motion pursuant to § 39.02(6) Fla.Stat., F.S.A. This section provides in part that upon the filing of a motion in a proper case, the judge shall enter an order waiving jurisdiction and certifying the case to the court which would have jurisdiction of the child if he were an* adult.
This Court issued the rule nisi and the* respondent filed a return. In essence, the return of the respondent recognizes that he no longer has jurisdiction to proceed to* the merits of the cause but feels that he should conduct a hearing in the nature of an investigation of the alleged act committed by the relator in order for the respondent to determine to which court the case should be certified.
After the filing of briefs and hearing,, we have determined that the rule should' be made absolute. It appears from the exhibits and the admissions of the return that the minor has been charged with a non-capital felony. The trial of such an *340 offense is in the exclusive jurisdiction of the Criminal Court of Record for Dade County. The respondent judge is, under § 39.02(6) Fla.Stat., F.S.A., without jurisdiction to do more than malee the order of transfer.
Having reached this conclusion and published the opinion, we will take no further action because of respondent’s presumed compliance with the views expressed.