304 So.2d 472 (1974)
STATE of Florida ex rel. Diane SUMNER, by and through Her Attorney and Next Friend, Relator,
v.
Hon. Robert L. WILLIAMS and the Hon. Ray E. Ulmer, Jr., As Judges of the Sixth Judicial Circuit of Florida, in and for Pasco County, Respondents.
No. 74-1246.
District Court of Appeal of Florida, Second District.
December 11, 1974.
*473 Robert A. Young, Asst. Public Defender, Dade City, for relator.
Frederick W. Vollrath, Asst. State's Atty., Dade City, for respondents.
McNULTY, Chief Judge.
The relator, a minor charged with careless driving, seeks a writ of prohibition to prevent the respondent judges of the Juvenile Division of the Circuit Court for Pasco County from exercising jurisdiction over her. She made a timely demand pursuant to Rule 8.100(b), R.J.P., for a waiver of juvenile jurisdiction and a certification for trial as an adult. The pertinent portions of Rule 8.100(b), supra, read as follows:
"On demand, the Court shall waive juvenile jurisdiction and certify the case for trial as if the child were an adult... . He shall thereafter be treated in that case in all respects as an adult."
Respondents refused the demand holding that a transfer is not mandatory under the rule but is at the discretion of the juvenile court judge. We disagree.
Section 22 of our Declaration of Rights[1] provides that the right to jury trial "shall be secure to all and remain inviolate." Additionally, even more precisely on the point here, § 15(b) of the Declaration of Rights reads in pertinent part:
"[A] child ... may be charged with a violation of law as an act of delinquency instead of crime and tried without a jury... . Any child so charged shall, upon demand made as provided by law before a trial in a juvenile proceeding, be tried in an appropriate court as an adult."
Nothing in these provisions suggests a distinction between adults and juveniles with respect to rights so guaranteed. Indeed, a full reading indicates to the contrary. We think, therefore, that these two fundamenta are absolute and must control the interpretation of Rule 8.100(b), supra. We accordingly hold that the provisions of the rule are mandatory.[2]
Prohibition is appropriate, therefore, and the rule heretofore issued herein should be, and it is hereby, made absolute.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] Art. I, § 22, Declaration of Rights, Constitution of Florida, 1968.
[2] Wolff v. Culbreath (Fla.App.3d, 1964), 168 So.2d 339; cf. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).