DOWNEY, Chief Judge.
Petitioner seeks to prohibit the trial court from proceeding in this cause because the time provided for trial under the speedy trial statute, Section 39.05(7)(b), Florida Statutes (Supp.1978), has expired.
From the facts alleged in the petition it appears that petitioner was taken into custody on May 17, 1979. Thereafter a petition was filed in Juvenile Court charging petitioner with Grand Theft. On July 9, 1979, the State Attorney filed an Information in the Circuit Court on the Grand Theft charges and trial was set for August 6,1979. On July 30, 1979, petitioner moved to transfer the case back to Juvenile Court pursuant to Section 39.04(2)(e)(4), Florida Statutes (Supp.1978), because petitioner had no prior felony adjudications. A new petition was thereupon filed on the Grand Theft charges to which petitioner pled not guilty and trial was set for August 27,1979. After 90 days from his arrest had passed petitioner moved for discharge pursuant to Section 39.05(7)(b), Florida Statutes (Supp. 1978), which the court denied.
Petitioner contends that Section 39.05(7) requires that he be tried within 90 days of his arrest and thus he is entitled to discharge. Respondent, on the other hand, asserts that, since the State had the discretion to file an Information against petitioner in the Circuit Court where the 180 day speedy trial time applied, when the case is transferred back to the Juvenile Court, either the Juvenile Court 90 day speedy trial time should commence to run anew or the time the case was pending in the Circuit *CCCVI Court should be deducted from the original 90 day period, which commenced when petitioner was taken into custody.
We hold the 90 day speedy trial rule provided in Section 39.05(7)(b) is applicable to this factual situation, but that the time the case was pending in the Circuit Court must not be counted in determining when the 90 day period expires. Section 39.-04(2)(e)(4), Florida Statutes, provides:
(e) The state attorney shall in all such cases, after receiving and considering the recommendation of the intake officer, have the right to take action, regardless of the action or lack of action of the intake officer, and shall determine the action which is in the best interest of the public. The State attorney may:
* ¡‡: # * # ‡
(4) With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony.
If the petitioner’s contention was upheld after the case was transferred to the Circuit Court pursuant to Section 39.-04(2)(e)(4), petitioner could wait until the 90 day period had nearly expired and then have the case transferred back to Juvenile Court and there would then be inadequate time under the 90 day rule for the State to bring petitioner to trial. Surely that sort of procedural game playing was not contemplated by the Legislature.
Under the foregoing application of the rule the time for bringing petitioner to trial had not expired and the trial court was correct in denying petitioner’s motion for discharge.
Accordingly, the Petition for Writ of Prohibition is denied.
ANSTEAD and LETTS, JJ., concur.