HOBSON, Acting Chief Judge.
The State of Florida appeals from an order granting Michael Puckett’s motion to dismiss with prejudice.
On August 2, 1979, Puckett, a seventeen-year-old, was taken into custody for the burglary of a dwelling. He was held in detention at the juvenile facilities from August 2, 1979 until August 23, 1979, at which time he was released pursuant to an order of the court. On September 28, 1979, an information was filed charging Puckett with burglary of a dwelling. On October 17, 1979, Puckett filed a motion to dismiss with prejudice on the ground that the information was not timely filed. The motion was granted, and the State appealed.
Puckett’s motion to dismiss was based on Sections 39.04(2)(e) and 39.05(6), Florida Statutes (1979). Section 39.04(2)(e) allows the state attorney to file a petition for dependency, a petition for delinquency or, in certain cases, when the child is 16 or 17 years old, an information. Section 39.05(6) provides that a petition alleging delinquency will be dismissed with prejudice if not filed within 45 days from the date that the complaint was referred to the intake office of the Department of Health and Rehabilitative Services. Puckett contends that Section 39.05(6) existed prior to the amendment of Section 39.04(2)(e), permitting in-formations to be filed against 16 or 17 year-old juveniles. He submits that the use of the word “petition” alleging delinquency in Section 39.05(6) must, subsequent to the amendment in 1978, include informations. We disagree.
An examination of the history of Sections 39.04 and 39.05 reveals that both statutes were amended by Chapter 78 — 414, Laws of Florida. Section 39.04(2)(e)(4) was amended to allow the State’s attorney to file an information when in his judgment and discretion the public interest requires that adult sanctions be imposed on a 16 or 17 year-old juvenile. Section 39.05(6) was amended to allow the State 45 days, rather than the previous 30 days, from the date the complaint was referred to the intake office to file a petition alleging delinquency. This section provides that if the petition is not filed within 45 days it will be dismissed with prejudice.
Section 39.05 is entitled “Petition” and subsection 6, by its terms, applies only to a *661 petition. We believe that had the legislature intended that Section 39.05(6) apply to the filing of an information, it would have so amended subsection (6). Since Section 39.05(6) expressly states that it applies to a petition, it should not be read to apply to an information.
Accordingly, the order granting Puckett’s motion to dismiss with prejudice is reversed, and the case is remanded to the trial court with directions to reinstate the information.
REVERSED and REMANDED.
BOARDMAN and RYDER, JJ., concur.