DOWNEY, Judge.
These are nine consolidated appeals by the State from orders dismissing petitions for delinquency pursuant to Juvenile Procedure Rule 8.110(e) (1980). In all of the cases a petition for delinquency was filed between thirty and forty-five days after a complaint against the respective juvenile appellant was referred to the intake office of the Department of Health and Rehabilitation Services.
The appellate issue is whether Juvenile Procedure Rule 8.110(e) (1980) or Section 39.05(6), Florida Statutes (1979), controls the time within which a petition for delinquency must be filed against a juvenile after the filing of a complaint referring the juvenile to the Department. During the periods relevant to these appeals Rule 8.110(e) required a petition to be filed within thirty days after a complaint was referred to the Department. The statute allows forty-five days after a reference before the petition must be filed. The issue must be resolved by determining whether the filing time requirement is procedural or substantive. If it is the former, the rule will prevail; if the latter, the statute controls.
*1124 The Fifth District Court of Appeal in P. L. H. v. Brownlee, 389 So.2d 649 (Fla. 5th DCA 1980), held the matter was procedural and followed the rule. In a later case, State v. L. H., 392 So.2d 294 (Fla.2d DCA 1980), the Second District Court of Appeal held the manner was substantive and followed the statute. We believe the rationale of the Second District case is superior and align ourselves with the holding of that case. Consequently, we hold that the statute is substantive, and a petition for delinquency is timely if it is filed within forty-five days after a complaint has been referred to the Department.
In State v. J. A., Jr., 367 So.2d 702, 703 (Fla.2d DCA 1979), Judge Grimes pointed out that:
Substantive law prescribes duties and rights under our system of government, and the legislature is responsible for enacting such law. Procedural law concerns the means and methods to apply and enforce those duties and rights, and the supreme court determines procedural law through the promulgation of rules. Benyard v. Wainwright, 322 So.2d 473 (Fla.1975). Substantive law creates, defines and regulates rights, while procedural law is the legal machinery by which substantive law is made effective. State v. Garcia, 229 So.2d 236 (Fla.1969).
The Supreme Court of Florida had an opportunity to resolve the procedural/substantive dichotomy regarding delinquency petitions in S. R. v. State, 346 So.2d 1018, 1019 (Fla.1977), in determining whether the mandatory aspect of the rule should apply or the more permissive aspect of the statute. There the Court said:
The Second District Court of Appeal also held that Section 39.05(7), Florida Statutes (1975), is procedural in nature and therefore subject to the rules promulgated by this Court. Again, we disagree. Section 39.05(7), Florida Statutes (1975), provides a juvenile with a substantive right and substantive statutes supersede procedural rules, State v. Garcia, 229 So.2d 236 (Fla.1969). We therefore hold that dismissal with prejudice is mandatory when a petition alleging delinquency is filed more than 30 days after a complaint is received by the intake office of the Division of Youth Services.
Accordingly, the judgment in each of the consolidated cases is reversed and remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
MOORE and HURLEY, JJ., concur.