403 So.2d 549 (1981)
STATE of Florida, ex rel., Ramiro Joseph Ortez, Petitioner,
v.
Ted BROUSSEAU, a Judge of the Circuit Court of the Twentieth Circuit, in and for Collier County, Florida, Respondent.
No. 81-1370.
District Court of Appeal of Florida, Second District.
September 4, 1981.
*550 Douglas M. Midgley, Public Defender and John D. Offutt, Asst. Public Defender, Naples, for petitioner.
Joseph P. D'Alessandro, State Atty. and Lee Hollander, Asst. State Atty., Naples, for respondent.
GRIMES, Acting Chief Judge.
Petitioner seeks to prohibit his criminal trial on the ground that he is entitled to be tried as a juvenile.
Petitioner is sixteen years old. The state filed direct informations against him for attempted sexual battery and burglary. After several postponements at the instance of both sides, the trial was scheduled for June 19, 1981. On the day before the trial, petitioner filed motions to transfer the charges for adjudication against him as a child. The state stipulated to petitioner's assertion that he had not previously been found to have committed two delinquent acts, one of which would constitute a felony if committed by an adult. Nevertheless, the court ruled that petitioner had waived his right to be tried in juvenile court by having waited until the day before trial to file his motions to transfer.
The applicable portion of section 39.04(2)(e) states:
The state attorney may:
... .
4. With respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed. Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to s. 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida law as a felony. (Emphasis added.)
Since petitioner had not committed the requisite prior offenses, his right to be tried as a juvenile was mandatory.[1] The only question is whether he waived the right by waiting so long to make his motions. Respondent argues that motions to transfer under this statute are equivalent to motions to dismiss which are controlled by Florida Rule of Criminal Procedure 3.190 and that under this rule petitioner's motions were untimely. There is much to be said for placing a time limit upon the right to make a motion to transfer. However, the statute is silent in this respect, and there is no court rule which specifies when such a motion must be made. In view of petitioner's substantive right to be tried as a juvenile under these circumstances, we are reluctant to read in a time limit where none is stated. Accordingly, we hold that petitioner had a right to make a motion to transfer under section 39.04(2)(e)4 at any time until his criminal trial commenced.[2]Cf. Carter v. State, 382 So.2d 871 (Fla.5th DCA 1981), holding that once a sixteen year old had been convicted in a criminal trial, it was too late to request a transfer to juvenile court.
The juvenile division of circuit court is without jurisdiction over a person who is entitled to be tried in the criminal division. State ex rel. Sumner v. Williams, 304 So.2d 472 (Fla.2d DCA 1974). It seems to us that the converse should also be true. Since petitioner made a valid motion to transfer his case to the juvenile division for adjudication pursuant to chapter 39, the criminal division of the court lost jurisdiction over his prosecution. Therefore, the court is hereby prohibited from trying petitioner as an adult, and petitioner's motions for transfer must be granted.
OTT and DANAHY, JJ., concur.
NOTES
[1] Of course, the state could have filed a petition for delinquency and then sought to have the case transferred for criminal prosecution pursuant to section 39.04(2)(e)3, Florida Statutes (1979).
[2] The respondent's apprehension that the petitioner waited to file his motions to gain an advantage under the speedy trial rules is misplaced because the speedy trial time was tolled while the cases were pending in criminal court. W.M. v. Tye, 377 So.2d 225 (Fla.4th DCA 1979).