MILLS, Judge.
Appellant was taken into custody on 6 July 1979 as a burglary suspect and an information was filed on 10 July. An amended information was filed on 16 July. Appellant was a juvenile but was 16 years old, and the information was filed pursuant to § 39.04(2)(e)(4), Florida Statutes (1978 Supp.), which provides that the state attorney may: “[w]ith respect to any child who at the time of commission of the alleged offense was 16 or 17 years of age, file an information when in his judgment and discretion the public interest requires that adult sanctions be considered or imposed.” On 21 September, the juvenile filed a motion to transfer based on the following sentence of the same provision, “Upon motion of the child, the case shall be transferred for adjudicatory proceedings as a child pursuant to § 39.09(1) if it is shown by the child that he had not previously been found to have committed two delinquent acts, one of which involved an offense classified under Florida laws as a felony.” On 27 September the motion was granted and the case was transferred to juvenile court, returnable for October 1979.
*452 The State never filed a petition of delinquency. On 6 November 1979 the juvenile filed a motion to dismiss, urging three grounds: (1) that no petition had been filed in the juvenile division and therefore the court was without jurisdiction to hear the matter, (2) that no petition had been filed within 45 days from the date the complaint was referred to the intake officer as required by § 39.05(6), and (3) that 90 days had expired since the child was taken into custody and the child was entitled to discharge pursuant to § 39.05(7)(a)(l) and Rule 8.180(a)(2), Fla.R.Juv.P.
After a hearing, the trial court denied the motion, ruling that the amended information constituted a petition for purposes of these proceedings. Thereupon, the juvenile entered a nolo plea reserving the right to appeal the denial of the motion to dismiss. We affirm.
I.
Initially, it must be noted that the contention by appellant that the information was “inappropriately filed in adult court” is not accurate. The statute allows the state attorney to file an information against any juvenile who is 16 or 17 years of age when in his discretion it should be done. The fact that the statute also allows for the juvenile to file a motion to transfer back to juvenile court under certain circumstances does not in any way imply that the initial filing of the information was inappropriate.
The question of whether a case which was filed properly in adult court, but transferred back to juvenile court under statutory authority, requires that a petition of delinquency be filed is one of first impression. On the one hand, it would appear that the juvenile court was vested with jurisdiction because the juvenile filed a motion to transfer from adult court to juvenile court and this motion was granted. The basis of the motion to dismiss, a challenge to the juvenile court’s jurisdiction based on the failure to file a petition, seems not to acknowledge this new statute which allows for this method of transfer.
On the other hand, appellant has filed a notice of additional authority, citing A.D.T. v. State, 318 So.2d 478 (Fla. 1st DCA 1975), wherein this court ruled that waiving jurisdiction of juvenile court by allowing a grand jury indictment to be amended and used as a substitute for a delinquency petition in a case involving a non-capital offense weis improper. There the court pointed out that juveniles constitute a special and distinct class of citizens to be afforded unique treatment by the state and discussed the purposes of separate and special juvenile procedures. That case is distinguishable, however, because there the state failed to invoke through proper pleading the jurisdiction of either court. It failed to file a petition in juvenile court and it filed an indictment for a non-indictable juvenile offense in adult court. In the instant case, the information filed in adult court was authorized by statute and gave the adult court jurisdiction over the cause. By the same token, the transfer to juvenile court was authorized by the same statute and gave the juvenile court jurisdiction.
We note that appellant has not alleged that he was misled or prejudiced by the failure of the state to file a document captioned as a petition of delinquency. Under Rule 8.110(d), Fla.R.Juv.P., no petition shall be dismissed because of a defect in the form unless the court shall be of the opinion that the petition is so vague, indistinct and indefinite as to mislead the child or his parents and prejudice him in the preparation of his defense.
Accordingly, we hold that while the better practice would be for the state to substitute a petition of delinquency for the information before trial when a case is transferred to juvenile court pursuant to Section 39.04(2)(e)(4), failure to do so did not and does not divest the juvenile court of jurisdiction.
II.
Regarding, the contention embodied in the second ground urged for dismissal, that no petition had been filed within 45 *453 days from the date the complaint was referred to the intake officer as required by 39.05(6), we hold that, based on our ruling on the first issue, the information effectively served as a petition for purposes of meeting this time requirement. We agree, as appellant urges, that S.R. v. State, 346 So.2d 1018 (Fla.1977), holds that a juvenile’s right to have a petition filed within 45 days is substantive. We also agree, as appellant urges, that this court held in T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978), that a juvenile has a substantive right to have the charge dismissed if it is untimely filed. The trial court’s refusal to dismiss a second petition which had been filed more than 30 days (the time limit then in effect) after the complaint had been filed with the Division of Youth Services even though the initial petition which contained materially incorrect information had been timely filed was error. The distinguishing factor between T.R. and the instant case is that there the first accusatory document was fatally defective, whereas here the accusatory document was fully proper and authorized by statute. Under these circumstances, a reading of T.R. indicates that the first accusatory document could be amended to the extent that the amendments would be formal and not material without affecting the timeliness of the filing. Here we have held that the information could serve as the petition, but we further state that if, as would be the better practice, a petition for delinquency were substituted for the information, the changes in form would not affect the timeliness of the first accusatory pleading.
In the Interest of S.E.B., 365 So.2d 451 (Fla. 1st DCA 1978), is similarly distinguishable because of the finding that the first accusatory pleading was fatally defective. The facts there were that a juvenile was taken into custody, a complaint was filed, and then the state indicted the juvenile for an offense that was not indictable. After the indictment was dismissed, the state filed a petition (118 days after the complaint had been filed) and the petition was held to be untimely because the juvenile court had never been divested of jurisdiction by the improper indictment and there had been no waiver hearing. Again, the difference is that in the instant case the first accusatory pleading was not improper, in fact it was explicitly authorized. Furthermore the juvenile court was divested of jurisdiction by the filing of the information in this case. See Lott v. State, 400 So .2d 10 (Fla.1981).
III.
Finally, appellant contends that since 90 days had expired between the time he was taken into custody and the hearing on the motion to dismiss, he was entitled to discharge under the speedy trial provisions of the statute and the rules. This contention has been ruled on adversely to appellant in W.M. v. Tye, 377 So.2d 225 (Fla. 4th DCA 1979), and we agree with our sister court’s analysis and result. As held in that case, the 90 day speedy trial time set forth in 39.05, Florida Statutes (1978 Supp.), is applicable, but the time during which the case was pending in adult court must not be counted in determining the expiration of the 90 day period. Accord, State ex rel., Ortez v. Brosseau, 403 So.2d 549 (Fla. 2d DCA 1981); in so ruling, the Fourth District Court of Appeal points out:
If the petitioner’s contention was upheld after the case was transferred to the Circuit Court pursuant to Section 39.-04(2)(e)(4), petitioner could wait until the 90 day period had nearly expired and then have the case transferred back to Juvenile Court and there would then be inadequate time under the 90 day rule for the State to bring petitioner to trial. Surely that sort of procedural game playing was not contemplated by the Legislature.
377 So.2d at 226.
The situation presented to the Supreme Court in State v. Benton, 337 So.2d 797 (Fla.1976), wherein a juvenile was certified for trial as an adult and the state contended that the speedy trial time of 180 days under Rule 3.191, Fla.Crim.P., should not have commenced until he had been certified, is *454 quite different. There, the Supreme Court said there was no justification for restarting the procedural time clock because the state, even though it may not proceed in the adult forum until certification, must be prepared to proceed in the juvenile forum within 90 days in both misdemeanor and felony situations. The opposite result obtains under the facts of the instant case because until the cause is transferred to juvenile court the state need only be prepared to proceed within 180 days of the time the defendant is taken into custody. Here, the transfer triggers a shorter speedy trial time, rather than a longer one, and there is justification for adjusting the procedural time clock to exclude the time during which the case was pending in Circuit Court.
Accordingly, the trial court’s denial of the motion to dismiss is AFFIRMED.
McCORD and THOMPSON, JJ., concur.