PER CURIAM.
The State appeals a dismissal with prejudice of its petition of delinquency. We affirm.
The appellee, a juvenile, was arrested on January 23, 1981, for driving while under the influence and reckless driving. On February 12, 1981, appellee entered a plea of not guilty to the charges and the traffic court transferred the cause to the circuit court, juvenile division. On March 23,1981, thirty-nine (39) days after the cause was transferred, but fifty-nine (59) days after appellee’s arrest, the State filed its petition of delinquency. On April 21, 1981, appellee filed a motion to dismiss alleging that forty-five (45) days had elapsed between the date of his arrest and the date the petition of delinquency was filed, and requesting that the case be dismissed with prejudice, pursuant to Section 39.05(6), Florida Statutes. A hearing was held on the motion on April 23, 1981, at which time the trial court dismissed the case with prejudice.
Section 39.05(6) provides that if a petition alleging delinquency is not filed within forty-five (45) days from the date the child is taken into custody, it must be dismissed with prejudice. This section permits a court to grant an extension of time, not to exceed fifteen (15) days, upon motion by the State Attorney, when, in the opinion of the court, the additional time is justified because of exceptional circumstances. Pri- or to its amendment in 1978, this section required a petition to be filed within thirty (30) days from the date the complaint was referred to the intake office. Cases decided before the 1978 amendment held that this section gave the juvenile a substantive right to have the petition dismissed if it was filed more than thirty (30) days after the complaint was received by the intake office.[1]
The 1978 amendment extended the time for filing to forty-five (45) days and provided that the court might grant an extension of time not to exceed fifteen (15) days.[2] In 1980, the statute was amended to require filing of the petition within forty-five (45) days from the time the juvenile was taken into custody.[3] “ ‘Taken into custody’ means the status of a child immediately when temporary physical control over the child is obtained by a person authorized by law, pending the child’s release, detention, placement, or other disposition as authorized by law.”[4]
Appellant’s argument that appel-lee could not be considered to have committed a delinquent act until the traffic court certified his case to the circuit court is *1065 correct.[5] However, the forty-five (45) days period within which a petition of delinquency must be filed does not begin to run when a juvenile is considered to have committed a delinquent act. Rather, it begins to run when the juvenile is taken into custody. Here, appellee was taken into custody on January 23, 1981, but the petition of delinquency was not filed until March 23, 1981, fifty-nine (59) days after appellee’s arrest. Since the petition was filed after the statutory limit, the trial court was correct in granting appellee’s motion to dismiss with prejudice.
AFFIRMED.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. E.g., S. R. v. State, 346 So.2d 1018 (Fla.1977); T. R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978).

. Chapter 78-414, Laws of Florida (1978).

. Chapter 80-290, Laws of Florida (1980).

. Section 39.01(33), Florida Statutes.

. Sections 39.01(21) and 39.02(1), Florida Statutes.