CAMPBELL, Judge.
This case presents the issue of whether the amount of time the state has to file a delinquency petition is forty-five days from the date the child is taken into custody as provided by section 39.05(6), Florida Statutes (1981), or forty-five days from the date the complaint is referred to a juvenile intake office as provided by Florida Rule of Juvenile Procedure 8.110(e).
A complaint against the appellee was referred to the juvenile intake office on June 25, 1981. On August 18, 1981, fifty-four days from the date of intake, the state filed a delinquency petition against the appellee. The appellee, however, was never taken into custody. On September 22, 1981, the trial judge dismissed the petition on the basis that it was not timely filed under Florida Rule of Juvenile Procedure 8.110(e). Rule 8.110(e) provides:
On motion by or in behalf of a child a petition alleging delinquency shall be dismissed with prejudice if it was not filed within forty-five (45) days from the date the complaint was referred to the intake office.. .. (Emphasis added.)
Section 39.05(6) substitutes “45 days from the date the child was taken into custody” for the underlined portion of rule 8.110(e) quoted above. Since the statute was amended as of July 1, 1980, it is clear that the new statutory language applies. Thus, rule 8.110(e) is in direct conflict with section 39.05(6). The statute, rather than the rule, controls because the matter is one of substantive, not procedural law. L. H. v. State, 408 So.2d 1039 (Fla.1982); State v. D. B. C., 413 So.2d 455 (Fla. 5th DCA 1982).
In light of the fact that appellee was never taken into custody, the time for filing a delinquency petition as established by section 39.05(6) had not yet begun to run. Thus, the trial court erred in granting ap-pellee’s motion to dismiss the petition.
Accordingly, this cause is reversed and remanded for trial.
REVERSED and REMANDED.
GRIMES, A. C. J., and RYDER, J., concur.