PER CURIAM.
We are asked to decide which of two triggering events — one specified in Rule 8.110(e), Fla.R.Juv.P., and another set forth in Section 39.05(6), Florida Statutes (Supp. 1980) — should be used to compute the forty-five day time period for filing a delinquency petition. Because Section 39.05(6), Florida Statutes (Supp.1980), grants substantive rights, we hold that it supersedes Rule 8.110(e), Fla.R.Juv.P., to the extent that they conflict.[1]
*1106 Both the statute and the rule establish a forty-five day period for filing a delinquency petition. The statute, however, utilizes the date a child is taken into custody as the triggering date while the rule uses the date a complaint is referred to the intake office. The history behind this discrepancy was recounted in appellee’s brief in this manner:
Effective June 9, 1980 Fla.RJuv.P. 8.110(e) was amended by the Florida Supreme Court to conform with § 39.05(6), Fla.Stat. (1979) so that both would specify a forty-five day period from the date the complaint was referred to the intake office for the filing of the petition. In § 7 of Chapter 80-290, Laws of Florida, § 39.05(6) was amended so that the forty-five day period in the statute would begin to run from the date on which the child was taken into custody, and the amendment was effective on July 1, 1980. Thus, the rule and statute coincided for a mere twenty-one days ....
In the case at bar, the trial court denied a motion to dismiss one count in a delinquency petition and held that the rule controlled. We are compelled to disagree. The Florida Supreme Court has established that the statutory period for filing a delinquency petition prevails over the analogous court rule whenever the two conflict. L. H. v. State, 408 So.2d 1039 (Fla.1982); S. R. v. State, 346 So.2d 1018 (Fla.1977). Consequently, the trial court should have dismissed count I because the state failed to file the petition within forty-five days from the date the child was taken into custody as required by the statute, notwithstanding that the state filed the petition within forty-five days from the date the complaint was referred to the intake office as required by the rule.
Accordingly, the appellant’s conviction on the trespassing count is reversed.
DOWNEY, HERSEY and HURLEY, JJ., concur.

. The relevant versions of rule and statute are as follows:
Fla.R.Juv.P. 8.110(e):
*1106 Prompt Filing. On motion by or in behalf of a child a petition alleging delinquency shall be dismissed with prejudice if it was not filed within forty-five (45) days from the date the complaint was referred to the intake office. However, the court may grant an extension of time not to exceed an additional fifteen (15) days upon motion therefor by the state attorney when, in the opinion of the court, such additional time is justified because of exceptional circumstances.
(Emphasis supplied.)
Section 39.05(6), Florida Statutes (Supp.1980):
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney when, in the opinion of the court, such additional time is justified because of exceptional circumstances.
(Emphasis supplied.)