426 So.2d 970 (1982)
STATE of Florida, Appellant,
v.
D.C.W., a Child, Appellee.
No. 81-1699.
District Court of Appeal of Florida, Fourth District.
September 1, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Allen DeWeese, Asst. Public Defender, West Palm Beach, for appellee.
LETTS, Chief Judge.
This appeal is brought by the state from an order granting a motion to dismiss because the petition alleging delinquency was not filed within 45 days from the date the child was first taken into custody.[1] We agree with the state and reverse.
The instant child was originally taken into custody and indicted by a grand jury for burglary in the company of an armed unindicted co-defendant. Pursuant to Section 39.02(5)(c), Florida Statutes (1979), grand jury proceedings may be utilized to indict juveniles in adult court for crimes punishable by life imprisonment. This particular minor was allegedly an aider and abettor in an armed burglary and thus subject to a life sentence.
Subsequently the child filed a sworn motion to dismiss the "armed" portion of the charge which was duly granted, resulting in a reduction of the charge to mere second degree burglary. Thereafter the defense, continuing the chess game, filed a motion to have the case transferred to the juvenile division which was likewise granted. In a countermove the state immediately filed a petition for adjudication of delinquency whereupon the defense delivered the knock out blow and successfully moved to dismiss that petition because it had not been filed within 45 days after the child was first taken into custody. We are of the opinion that this final defense move should not have constituted checkmate.
The state legislature has seen fit to adopt a statute which permits juveniles to be tried as adults for more serious crimes. If in fact such serious charges are filed in good faith (and there is no suggestion otherwise in this case), it is inconceivable that the legislature envisaged the erring minor could get off scot-free if the charges later have to be reduced. He or she who is initially legally charged as an adult should not be simultaneously able to keep the meter running as a juvenile and we so held in our recent decision *971 in Parr v. State, 415 So.2d 1353 (Fla. 4th DCA 1982).[2]
In this case the criminal should be able to claim the protections afforded juveniles under the "speedy file" rule commencing at such time as that criminal is entitled to, or elects to, be treated as such. This particular child was clearly not entitled to all the protections afforded those of tender age prior to the order granting transfer to the juvenile division. Accordingly, we hold that in an instance such as this, the 45 day limitation is not activated until the accused ceases to be prosecuted as an adult and is transferred to the more charitable juvenile division.
While not on all fours, we recognize that this decision appears to be in conflict with State v. J.M.Z., 408 So.2d 1063 (Fla. 1st DCA 1982), in which the First District held that the petition alleging delinquency must be filed within 45 days of a child being first taken into custody regardless of what else may transpire. Likewise our conclusion may conflict with T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978), also from the same court.
In thus disagreeing with the First District, we are far from scornful of these two holdings. Indeed, a literal interpretation of the 45 day statutory provision might appear to support our sister court's conclusions. However, it does not comport with our version of common sense for a defendant to be able to seek treatment as a juvenile, obtain it and then take advantage of his or her successful invocation of the more charitable method of dispensing justice and subvert it altogether to escape the consequences of his or her conduct.[3] To repeat Judge Schwartz' by now famous quote, we will not countenance such "gotcha" manoeuvres.
REVERSED and REMANDED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] Not raised by the defense is the intriguing question of whether an appeal is available in a situation such as this. See, State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA 1982). As a consequence we make no such determination here. Suffice it to say that we would accept jurisdiction in any event and if necessary treat the matter as a petition for certiorari.
[2] We regret this Parr case was not pointed out to us by notice of intention to rely. It certainly should have been.
[3] We note the Second District also appears to agree with us. See State v. Puckett, 384 So.2d 660 (Fla. 2d DCA 1980).