424 So.2d 928 (1983)
J.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. AK-414.
District Court of Appeal of Florida, First District.
January 4, 1983.
Melanie Ann Hines, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
J.H., a juvenile, raises two points on appeal. We need only address the dispositive *929 Point One: whether the trial court erred in denying appellant J.H.'s motion to dismiss the amended delinquency petition filed against him.
Appellant argues the amended petition should have been dismissed since it was not filed within 45 days from the date appellant was taken into custody. We agree and reverse.
On November 16, 1981, J.H. was taken into custody for purposes of juvenile procedure. On December 14, 1981, the State filed a delinquency petition against appellant, alleging that he had committed aggravated battery on William Klein. On January 4, 1982, the State filed an amended delinquency petition against appellant J.H., changing the name of the victim from William Klein to David Klein.
Prior to the hearing on the amended petition, appellant J.H. moved to dismiss the petition because it contained an entirely new charge against appellant which was not filed within the required time period of 45 days as set forth in section 39.05(6), Fla. Stat. (1981). The trial court found the change was a technical one and ordered that the proceedings could continue on the amended petition. At the delinquency hearing, appellant renewed his motion to dismiss based on the filing requirement of section 39.05(6).
Again the trial court denied appellant's motion and found appellant guilty of battery. Thereafter, at the disposition hearing, the trial court withheld adjudication of delinquency and placed appellant on community control under the supervision of the Department of Health and Rehabilitative Services.
Appellant contends the amended petition alleged a separate and unique offense from the first petition because it contained a materially different fact from that against which the defense was originally prepared to defend.
Appellee maintains the trial court did not err in denying the motion to dismiss. Appellee argues that appellant failed to show that he was prejudiced by the filing of the petition since the amended petition was filed well before the hearing on the merits.
We conclude that the original petition was fatally defective because it alleged the wrong victim. In T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978), we held that an allegation in a delinquency petition placing ownership of stolen property in a wrong person  that is, naming the wrong victim  was a fatal misallegation because it misled appellant in the preparation of his defense.
Here, since the original petition was defective, the filing of that petition did not toll the running of the 45-day filing requirement and, therefore, did not save the amended petition which was filed outside that time period. T.R. v. State, at 103, and I.H. v. State, 405 So.2d 450, 453 (Fla. 1st DCA 1981). The amended petition should be dismissed since it was not filed within the 45-day filing requirement set forth in section 39.05(6). The fact that appellant has failed to allege that he was prejudiced by late filing of the amended petition is irrelevant. The statute gives the trial court no discretion to deny a motion to dismiss under section 39.05(6) when it is clear that a petition has not been filed within the designated 45 days. See T.R. v. State, supra.
We hope that David Klein and J.H., who attend the same school, will try to be friends. This will be a test for them and for their families. The court hopes all will earn good grades on this test.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.