445 So.2d 333 (1984)
D.C.W., a Juvenile, Petitioner,
v.
STATE of Florida, Respondent.
No. 62633.
Supreme Court of Florida.
February 2, 1984.
*334 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the district court of appeal in State v. D.C.W., 426 So.2d 970 (Fla. 4th DCA 1982). The district court's decision is in conflict with the decision in State v. J.M.Z., 408 So.2d 1063 (Fla. 1st DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was taken into custody on February 3, 1981. The state attorney apparently believed there were grounds to treat petitioner as an adult and proceed against him in the criminal division of the circuit court. See § 39.02(5)(c), Fla. Stat. (Supp. 1980).[1] Therefore, initially no petition for adjudication of delinquency was filed. On March 18, 1981, forty-three days after petitioner was taken into custody, the grand jury returned an indictment charging petitioner with the offense of burglary and alleging that in the course of the burglary the defendant's accomplice "was armed or armed himself within such structure with ... a dangerous weapon, to-wit: a knife." Thus the theory upon which the state chose to treat petitioner as an adult by seeking a grand jury indictment was that he was allegedly an aider and abettor of armed burglary, an offense punishable by life imprisonment. § 810.02(2)(b), Fla. Stat. (1979);[2]see Ringel v. State, 352 So.2d 88 (Fla. 4th DCA 1977), approved, 366 So.2d 758 (Fla. 1978). Although the March 18 indictment was later abandoned, a new indictment containing the same charge was returned on May 6, 1981.
Petitioner then moved to dismiss that portion of the indictment which alleged in effect that his offense of burglary was committed while armed. The court granted the motion on July 7, thereby reducing the alleged offense to simple burglary. Since the indictment no longer charged a crime punishable by life imprisonment, petitioner moved to transfer the case to the juvenile division. The court granted the motion for transfer on August 4, 1981. On the following day the state filed a petition for adjudication of delinquency. Petitioner moved to dismiss on the ground that the delinquency petition was not filed within forty-five days of the day he was taken into custody as required by section 39.05(6), Florida Statutes (Supp. 1980). On September 1, 1981, the court granted the motion to dismiss with prejudice.
*335 The state appealed and the district court of appeal reversed, holding that the 45-day period should not have begun to run until the entry of the order transferring jurisdiction to the juvenile court. In a footnote, the district court made reference to the "intriguing question" of whether an appeal was available to the state. Because the appellee did not raise the question, however, the district court did not decide it, stating that it would have provided review in any case by certiorari. Petitioner now raises before this Court the question of whether the state was entitled to appeal the juvenile court's order of dismissal. However, since petitioner failed to raise this question in the district court in response to the state's appeal, we deem the issue abandoned and any legal defect waived.[3] Accordingly, we will confine our treatment to the issue upon which our conflict-review jurisdiction is predicated.
Section 39.05(6) provides:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney when, in the opinion of the court, such additional time is justified because of exceptional circumstances.
This paragraph confers a substantive right. See, e.g., L.H. v. State, 408 So.2d 1039 (Fla. 1982). The provision calling for dismissal if the rule is not strictly followed is mandatory. S.R. v. State, 346 So.2d 1018 (Fla. 1977).
The district court held that the 45-day period should not be considered activated on a juvenile being prosecuted as an adult until the entry of the order transferring jurisdiction from the criminal to the juvenile court. The district court reasoned as follows:
The state legislature has seen fit to adopt a statute which permits juveniles to be tried as adults for more serious crimes. If in fact such serious charges are filed in good faith (and there is no suggestion otherwise in this case), it is inconceivable that the legislature envisaged the erring minor could get off scot-free if the charges later have to be reduced. He or she who is initially legally charged as an adult should not be simultaneously able to keep the meter running as a juvenile... .
In this case the criminal should be able to claim the protections afforded juveniles under the "speedy file" rule commencing at such time as that criminal is entitled to, or elects to, be treated as such. This particular child was clearly not entitled to all the protections afforded those of tender age prior to the order granting transfer to the juvenile division. Accordingly, we hold that in an instance such as this, the 45 day limitation is not activated until the accused ceases to be prosecuted as an adult and is transferred to the more charitable juvenile division.
426 So.2d at 970-71. The district court also acknowledged that a literal interpretation of section 39.05(6) would support the different conclusion reached in State v. J.M.Z., 408 So.2d 1063 (Fla. 1st DCA 1982) and T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978). But the court appealed to the rule of "common sense" in refusing to allow a juvenile to subvert technical rules of procedure to avoid prosecution. We agree and approve the result of the district court's decision, but we arrive there by a different route.
Petitioner relies on those cases holding that dismissal for violation of the time requirement in section 39.05(6) is a substantive and mandatory requirement. See, e.g., L.H. v. State, 408 So.2d 1039 (Fla. 1982); S.R. v. State, 346 So.2d 1018 (Fla. 1977); R.L.H. v. State, 417 So.2d 1105 (Fla. 4th DCA 1982); State v. R.J., 415 So.2d 873 *336 (Fla. 2d DCA 1982); State v. D.B.C., 413 So.2d 455 (Fla. 5th DCA), rev. dismissed, 419 So.2d 1196 (Fla. 1982); S.M. v. State, 398 So.2d 496 (Fla. 3d DCA), rev. denied, 407 So.2d 1106 (Fla. 1981); T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978). Petitioner argues that the time begins to run at the time of arrest regardless of an initial or intervening period during which the accused is prosecuted as an adult, citing Parr v. State, 415 So.2d 1353 (Fla. 4th DCA), rev. denied, 424 So.2d 763 (Fla. 1982); J.M.Z. v. State, 408 So.2d 1063 (Fla. 1st DCA 1982); and G.A. v. State, 391 So.2d 720 (Fla. 1st DCA 1980), quashed on other grounds, 417 So.2d 980 (Fla. 1982). Finally, petitioner asserts that only a valid and proper juvenile delinquency petition will supply the required filing and stop the running of the time period provided in section 39.05(6). He relies on In the Interest of S.E.B., 365 So.2d 451 (Fla. 1st DCA 1978), where the filing of an indictment was held not to toll the running of the time period because there were not grounds, under the juvenile justice statute, for proceeding against the accused juvenile by indictment; and the decisions in J.H. v. State, 424 So.2d 928 (Fla. 1st DCA 1983), and T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978), where even the filing of delinquency petitions were held not to toll the time because the petitions were fatally defective.
Petitioner argues that the district court erred in finding dismissal incompatible with common sense. Petitioner says that dismissal in this case serves a clearly expressed legislative policy. He argues that the purpose of the 45-day time limit in section 39.05(6) is different from the purpose of a speedy trial rule in either a criminal or juvenile context so that analogies should not be made. The compressed time requirements applicable to juvenile proceedings (which, petitioner says, are due to a most salient characteristic of the accused  youth) together with the existence of prosecutorial options in many cases, demonstrates the need for a legislative policy favoring prompt election by the state and notice to the accused. Upon the filing of a juvenile delinquency petition, D.C.W. argues, a juvenile knows he is being treated as a juvenile and can plan accordingly. Subsequent extensions of his right to a speedy adjudication do not detrimentally affect this essential beneficial certainty. However, delay in the initial juvenile filing, the argument continues, causes the accused not to know how the state plans to treat him. Where, as here, the delay is attributed to the state's unsuccessful attempt to prosecute the juvenile as an adult, the legislative policy of a prompt, proper juvenile disposition of the case is thwarted.
The state responds that the section 39.05 time limit does not apply when a juvenile is charged as an adult. The legislative intent is clear, the state says, that the time limits in the juvenile justice statutes apply only to cases proceeding wholly within the juvenile court system. A juvenile being prosecuted as an adult, the state argues, should not be able to look to the comforting assurances of juvenile procedures, including the 45-day filing requirement. The state relies on Parr v. State, 415 So.2d 1353 (Fla. 4th DCA), rev. denied, 424 So.2d 763 (Fla. 1982) and State v. Puckett, 384 So.2d 660 (Fla. 2d DCA 1980).
The state also relies on I.H. v. State, 405 So.2d 450 (Fla. 1st DCA 1981), rev. denied, 412 So.2d 466 (Fla. 1982), where it was held that for purposes of the juvenile filing time limit, an information setting forth adult charges effectively served as a delinquency petition. The state argues that a juvenile delinquency petition may simply be substituted for a previously filed adult criminal charging instrument without affecting the timeliness of the filing.
The juvenile jurisdiction of the circuit court attaches at the moment a juvenile is taken into custody. § 39.06(7), Fla. Stat. (1979); see Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), approved, 403 So.2d 1337 (Fla. 1981) (juvenile initially charged as adult is considered "transferred" from juvenile to criminal jurisdiction). We therefore disapprove the district court's reasoning that the 45-day period begins to run when a juvenile charged as an adult is *337 transferred to the juvenile division. The 45-day period begins to run when the juvenile is taken into custody. We also reject the state's argument that juvenile time requirements are wholly inapplicable when the juvenile is or has been treated as an adult. We find merit, however, in the state's argument, based on I.H. v. State, that an indictment or information charging the accused as an adult may serve as the initial delinquency petition for purposes of the 45-day filing requirement.
If no delinquency petition (or adult criminal charging document) is filed within forty-five days of when the juvenile is taken into custody, then the juvenile has a right to have a later-filed delinquency petition dismissed. The expiration of the forty-five days does not, however, bar the state from charging the juvenile as an adult if such adult treatment is appropriate. See Parr v. State, 415 So.2d 1353 (Fla. 4th DCA), rev. denied, 424 So.2d 763 (Fla. 1982); State v. Puckett, 384 So.2d 660 (Fla. 2d DCA 1980). Therefore, we conclude that when an indictment or information setting forth adult criminal charges is filed within forty-five days of the juvenile's arrest, the state may proceed with delinquency proceedings if for some reason the case is later transferred back to the juvenile division.
Here the indictment provided petitioner with sufficient notice of the delinquent act he was alleged to have committed. Because the indictment was filed within forty-five days of petitioner's being taken into custody, the state's obligation to bring delinquency charges within that period was essentially complied with.
Under section 39.05(7), Florida Statutes (Supp. 1980), petitioner is entitled to have the adjudicatory hearing commence within ninety days of when he was taken into custody. This ninety-day time period was tolled during the period when petitioner was subject to the jurisdiction of the criminal division of the circuit court. Since forty-three days elapsed before petitioner was indicted and twenty-eight days elapsed after the case was transferred back to the juvenile division and before the order of dismissal was entered, for a total of seventy-one days, the state has nineteen days in which to commence an adjudicatory proceeding unless an extension is granted. Such 19-day period should commence to run when the final mandate is received below from this Court.
The decision of the district court, reversing the order dismissing the delinquency petition, is approved in result. The case is remanded with instructions that the petition for adjudication of delinquency be reinstated for further proceedings.
It is so ordered.
ALDERMAN, C.J., and ADKINS and EHRLICH, JJ., concur.
OVERTON, McDONALD and SHAW, JJ., concur in result only.
NOTES
[1] Section 39.02(5)(c) provides in pertinent part:

(c) A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set forth in s. 39.06(7) unless and until an indictment on such charge is returned by the grand jury. When an indictment is returned, the petition for delinquency, if any, shall be dismissed; and the child shall be tried and handled in every respect as if he were an adult.
[2] Section 810.02(2)(b) provides:

(2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
.....
(b) Is armed, or arms himself within such structure, with explosives or a dangerous weapon.
[3] The issue was not whether the district court had jurisdiction, but whether the state was entitled to invoke it.