BOYD, Chief Justice,
concurring in part and dissenting in part.
I agree that, because not provided for by statute, the state has no right to appeal any order or judgment of a circuit court in a juvenile delinquency case. However, I dissent to that portion of the majority opinion that holds that the district court of appeal had not the authority to treat the mis-named appeal as a petition for certiora-ri and grant the state relief based on the circuit court’s departure from the essential requirements of law.
After being arrested on suspicion of theft, R.L.B. was detained and, three days later, arraigned on the charge. At the arraignment, the juvenile expressed a desire to plead guilty. The juvenile court judge directed that a petition for adjudication of juvenile delinquency be filed, and that it be filed within the next two weeks. The assistant state attorney apparently agreed to or at least acquiesced in the judge’s stated preference on the matter. Several weeks later, the juvenile court judge “dismissed the case” against R.L.B. because of the state’s failure to file the delinquency petition within two weeks as directed by the judge. The judge had no authority to “dismiss the case” because there was nothing before him to dismiss. However, the state apparently interpreted the judge’s act as an indication that the judge intended to dismiss any subsequently filed petition for adjudication of delinquency so it sought relief by appeal to the district court of appeal.
Section 39.05(6), Florida Statutes (1983), provides as follows:
On motions by or in behalf of a child, a petition alleging delinquency shall be dismissed with prejudice if it was not filed within 45 days from the date the child was taken into custody. The court may grant an extension of time, not to exceed an additional 15 days, upon such motion by the state attorney for good cause shown.
This “speedy file” rule[1] grants persons accused of juvenile delinquency the sub *590 stantive right to have the charging petition dismissed if not filed within the time period provided by the statute. See, e.g., D.C.W. v. State, 445 So.2d 333 (Fla.1984); L.H. v. State, 408 So.2d 1039 (Fla.1982); R.L.H. v. State, 417 So.2d 1105 (Fla. 4th DCA 1982); State v. R.J., 415 So.2d 873 (Fla. 2d DCA 1982); State v. D.B.C., 413 So.2d 455 (Fla. 5th DCA 1982); I.H. v. State, 405 So.2d 450 (Fla. 1st DCA 1981); State v. G.B.P., 399 So.2d 1123 (Fla. 4th DCA 1981); State v. G.D.C., 372 So.2d 514 (Fla. 3d DCA 1979); T.R. v. State, 364 So.2d 100 (Fla. 1st DCA 1978).
Where the state’s failure to bring formal charges within the required time period results in the somewhat drastic remedy of absolute curtailment of the state’s ability to bring such charges, it should follow that the state is to be given the benefit of the entire time period allows. That is to say, the legislative determination that the accused juvenile should have the absolute substantive right to have an untimely accusation dismissed should be taken to reflect a concurrent judgment that the state should be allowed up to the maximum prescribed amount of time in which to prepare to file formal charges. Thus there is no authority on the part of a juvenile court judge to shorten the time requirement in a particular case.
There is nothing wrong with a judge encouraging parties to present matters for determination quickly and without delay, and discouraging the consumption in every case of the maximum amount of time allowed for an act to be done. However, dismissal of a cause as a sanction for failure to comply with an informally shortened time period, when not authorized by substantive law or duly promulgated procedural rule, is an act beyond the authority of a judicial officer. To alter the effect of applicable statutes or rules by judicial fiat in a particular case raises questions about judicial impartiality and can create an impression of impropriety.
The entry of an order or judgment — -the commission of any official judicial act for that matter — when it is ultra vires as discussed above, is a departure from the essential requirements of law. It is more than a mere error of law; it is disregard of the law. It is therefore subject to being quashed by the court having general appellate jurisdiction over the court in which the ultra vires act took place. Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969). Moreover, the appellate court’s judicial power in this regard does not depend on the aggrieved party’s having a right to an appeal. State v. Harris, 136 So.2d 633 (Fla.1962). The subject-matter jurisdiction of a court and a party’s entitlement to invoke it are concepts that should be clearly distinguished. See D.C.W. v. State, 445 So.2d 333, 335 n. 3 (Fla.1984).
It is clear that the district courts of appeal have authority to grant relief by the common-law writ of certiorari when a circuit court departs from the essential requirements of law. E.g., Dresner v. City of Tallahassee, 164 So.2d 208 (Fla.1964); State ex rel. Bludworth v. Kapner, 394 So.2d 541 (Fla. 4th DCA 1981); State v. Farmer, 384 So.2d 311 (Fla. 5th DCA 1980); State v. Gibson, 353 So.2d 670 (Fla. 2d DCA 1978); State v. Wilcox, 351 So.2d 89 (Fla. 2d DCA 1977); State ex rel. Wainwright v. Booth, 291 So.2d 74 (Fla. 2d DCA 1974); State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970); Marlowe v. Ferreira, 211 So.2d 228 (Fla. 2d DCA 1968); Gulf Cities *591 Gas Corp. v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967); State v. Coyle, 181 So.2d 671 (Fla. 2d DCA 1966); Boucher v. Pure Oil Co., 101 So.2d 408 (Fla. 1st DCA 1957). A rich heritage of decisional law provides definition to the concept of “departure from the essential requirements of law.” Understanding of this body of common law enables jurists and practitioners to recognize when there has been such a disregard of basic legal requirements, and to distinguish it from ordinary legal error. Allowing the writ to be used to correct ordinary legal error when no right of appeal exists is an aggrandizement of the appellate court’s power. It might be suggested that such an act is itself a departure from the essential requirements of law.[2] See generally Haddad, The Common Law Writ of Certiorari in Florida, 29 U.Fla.L.Rev. 207 (1977); Rogers and Baxter, Certiorari in Florida, 4 U.Fla.L.Rev. 477 (1951).
The district court in the present case was in error in holding that the state had a right to an appeal. 467 So.2d at 818 n. 1. But the court had authority to treat the appeal as a petition for certiorari on the ground of departure from the essential requirements of law. Therefore, I would remand to allow the court to consider the state’s appeal as a petition for writ of certiorari.

. The "speedy file” rule for juvenile delinquency proceedings is followed in section 39.05 by the "speedy trial" rule for juvenile proceedings, section 39.05(7):
(7)(a) If a petition has been filed alleging that a child has committed a delinquent act, the adjudicatory hearing on the petition shall *590 be commenced within 90 days of the earlier of the following dates:
1. The date the child was taken into custody-
2. The date the petition was filed.
(b) If the adjudicatory hearing is not begun within 90 days or an extension thereof as hereinafter provided, the petition shall be dismissed with prejudice.
(c) The court may extend the period of time prescribed in paragraph (a) on motion of any party, after hearing, on a finding of good cause or that the interest of the child will be served by such extension. The order extending such period shall recite the reasons for such extension. The general congestion of the court’s docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute good cause for such extension.

. However, the Florida Supreme Court does not have common-law certiorari jurisdiction to review decisions of the district courts of appeal. See Robinson v. State, 132 So.2d 3 (Fla.1961), rev’d on other grounds, 378 U.S. 153, 84 S.Ct. 1693, 12 L.Ed.2d 771 (1964).